STATE OF NORTH CAROLINA v. TOMMY LEE BYNUM

No. 8326SC445

(Filed 3 January 1984)

1. **Criminal Law § 119— refusal to give requested instruction**

    The trial court in a prosecution for possession of heroin did not err in denying defendant's request for an instruction that identity of the contraband as heroin was an element of the offense which the State was required to prove beyond a reasonable doubt where the request was made orally at the end of the charge and thus was not timely, and where the court had instructed on the substance of the request.

2. **Criminal Law § 138— prior convictions as aggravating factor—sufficiency of proof**

    The trial court properly found that the aggravating factor of prior convictions had been proven by a preponderance of the evidence where the prosecuting attorney represented to the court, on the basis of an FBI printout, that defendant had several prior convictions punishable by more than 60 days' confinement, and defendant stated through counsel that he believed the representation to be accurate and that he did not object to it. G.S. 15A-1340.4(a).

3. **Criminal Law § 138— prior convictions as aggravating factor—indigency and representation by counsel**

    The trial court did not err in finding the aggravating factor of prior convictions without finding whether defendant was indigent and was represented by counsel at the time of such convictions where defendant did not sustain his burden of initially raising the issue at trial.

4. **Criminal Law § 138— possession of heroin—heroin addiction as mitigating factor—insufficient evidence**

    While heroin addiction could perhaps be considered as a mitigating factor in imposing a sentence for possession of heroin, the evidence in this case did

not require the trial court to make such a finding. G.S. 15A-1340.4(a)(2)b and (d).

APPEAL by defendant from *Sitton, Judge.* Judgment entered 5 October 1982 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 2 December 1983.

Defendant appeals from a judgment of imprisonment entered upon his conviction of possession of heroin.

*Attorney General Edmisten, by Assistant Attorney General Elaine J. Guth, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender James H. Gold, for defendant appellant.*

WHICHARD, Judge.

### GUILT PHASE

[1] Defendant contends the court erred in denying his request for an instruction that identity of the contraband as heroin was an element of the offense which the State was required to prove beyond a reasonable doubt. The request was made orally at the end of the charge in response to the court's inquiry regarding objections or further requests for instructions. It thus was not timely, and whether to grant it was for the court's discretion. G.S. 15A-1231(a); *State v. Coward,* 296 N.C. 719, 725, 252 S.E. 2d 712, 716 (1979). The court had instructed on the substance of the request, which is all it was required to do. *State v. Sledge,* 297 N.C. 227, 235, 254 S.E. 2d 579, 584 (1979). We thus find no abuse of discretion in the refusal to give the tendered instruction.

### SENTENCING PHASE

[2] Defendant contends the evidence was inadequate to prove the aggravating factor of prior convictions. The prosecuting attorney represented to the court, on the basis of an F.B.I. printout, that defendant had several prior convictions punishable by more than sixty days confinement. Defense counsel responded: "[W]e don't object to that. I believe that is an accurate representation of what his record is. He does have a number of prior records, and he served time on several of them." Defendant did not, at the sentencing hearing, object to the finding of fact as to prior convic-

State v. Bynum

tions, nor did he tender any proposed findings of fact. *See State v. Davis*, 58 N.C. App. 330, 334, 293 S.E. 2d 658, 661, *disc. rev. denied*, 306 N.C. 745, 295 S.E. 2d 482 (1982). He did not object to the method used to establish his record, or challenge in any way the accuracy of the record as represented. *See State v. Massey*, 59 N.C. App. 704, 705-06, 298 S.E. 2d 63, 65 (1982). On the contrary, he stated through counsel that he believed the representation to be accurate, and that he did not object to it. Under these circumstances it was not error for the court to find that the aggravating factor of prior convictions had been proven "by the preponderance of the evidence," G.S. 15A-1340.4(a).

[3] Defendant contends the court erred in finding the aggravating factor of prior convictions without finding whether he was indigent, represented by counsel, or waived counsel at the time. He did not sustain his burden of initially raising the issue at trial, however, and this contention is thus without merit. *State v. Thompson*, 309 N.C. 421, 425-28, 307 S.E. 2d 156, 158-61 (1983).

[4] Defendant contends the court erred in failing to find as a mitigating factor that he was a heroin addict. He argues that this should have been found pursuant to G.S. 15A-1340.4(a)(2)b., which establishes as a mitigating factor that "[t]he defendant committed the offense under duress . . . or compulsion which was insufficient to constitute a defense but significantly reduced his culpability"; or pursuant to G.S. 15A-1340.4(a)(2)d., which establishes as a mitigating factor that "[t]he defendant was suffering from a mental or physical condition that was insufficient to constitute a defense but significantly reduced his culpability."

Drug addiction is not *per se* a statutorily enumerated mitigating factor. It could perhaps be found to mitigate the offense, either under the rubric of the above stated enumerated factors, or otherwise as being "reasonably related to the purposes of sentencing." G.S. 15A-1340.4(a). The evidence at the sentencing hearing here would have permitted such a finding, but in our view it did not compel it. We thus hold this contention without merit.

No error.

Judges WEBB and WELLS concur.