STATE OF NORTH CAROLINA v. JAMES BENJAMIN WATTS

No. 8422SC1342

(Filed 1 October 1985)

1. **Criminal Law § 102— opening and closing arguments not recorded—no prejudice**

There was no prejudice in a prosecution for possessing, manufacturing and trafficking in marijuana and methaqualone where the court reporter failed to record the opening and closing arguments of counsel because the only assignment of error relating to the oral argument involved the failure to record the argument and the district attorney's comment on defendant's refusal to answer a question on cross-examination concerning another arrest for possession of marijuana. The jury had witnessed the cross-examination and there was not a reasonable possibility that a different result would have been reached at trial without the comment. Rule 608 of the North Carolina Rules of Evidence.

2. **Criminal Law § 102— cross-examination—defendant required to introduce evidence—right to open and close argument—lost by introduction of other evidence**

The trial court did not err in a prosecution for possessing, manufacturing and trafficking in marijuana and methaqualone by requiring defendant to place into evidence certain photographs in order to use them for illustrative purposes during cross-examination of a State's witness. The introduction of the photographs did not deprive defendant of the right to the opening and closing argument because he introduced his own evidence, including three witnesses. Rule 10 of the General Rules of Practice for the Superior and District Courts.

3. **Criminal Law § 86.5— cross-examination of defendant—arrest for another offense—defendant opened door**

There was no error in a prosecution for possessing, manufacturing, and trafficking in marijuana and methaqualone where the court allowed the district attorney to bring to the attention of the jury that defendant had been arrested for possession of marijuana after the offenses for which he was being tried, despite an agreement that the arrest would not be raised, where defendant opened the door by testifying in his own behalf that his only other charge was a traffic ticket.

State v. Watts

4. **Criminal Law § 128.2— prosecutor asking forbidden question—mistrial denied —no error**

The trial judge did not abuse his discretion in a prosecution for possessing, manufacturing, and trafficking in marijuana and methaqualone by denying defendant's motion for a mistrial where the district attorney asked defendant on cross-examination whether he owned any weapon even though the judge had earlier instructed the State not to question defendant concerning his ownership of the weapon on the date of his second arrest. Defendant's objection to questioning was sustained and the jury was instructed to disregard the question.

5. **Criminal Law § 88.1— exculpatory statements of defendant—excluded on cross-examination of State's witnesses—no prejudice**

There was no prejudice in a prosecution for possessing, trafficking, and manufacturing marijuana and methaqualone from the court's refusal to permit defendant to elicit during cross-examination of several State's witnesses exculpatory statements made by defendant where those matters were introduced during defendant's own testimony.

6. **Criminal Law § 84— introduction of consent to search form—probative to show control of premises—no error**

The trial court did not err in a prosecution for possessing, trafficking, and manufacturing marijuana and methaqualone by allowing the introduction of a signed consent to search form where the form had probative value in that it tended to show that defendant exercised control over the buildings in question.

7. **Criminal Law § 50— testimony of SBI agents—experts—no error**

The trial court did not err in a prosecution for possessing, manufacturing, and trafficking in marijuana and methaqualone by allowing two SBI agents to testify as experts where the record revealed that both agents were properly qualified.

8. **Narcotics § 3.1— trafficking in marijuana—240 pounds of marijuana on courtroom floor—admissible as illustrative evidence**

The trial court did not err in a prosecution for possessing, manufacturing, and trafficking in marijuana and methaqualone by allowing the State to pile 240 pounds of marijuana on the courtroom floor where the evidence tended to show that defendant did in fact possess a large quantity of marijuana and it was proper for the State to bring in a large quantity of marijuana as illustrative evidence.

APPEAL by defendant from *Davis (James C.), Judge.* Judgments entered 30 August 1984 in Superior Court, ALEXANDER County. Heard in the Court of Appeals 16 September 1985.

Defendant was charged in proper bills of indictment with illegal manufacture of marijuana; illegal possession of marijuana with intent to manufacture, sell or deliver; trafficking in mari-

juana; and illegal possession of methaqualone with intent to manufacture. Defendant was first tried on these charges in June 1984. At the close of the State's evidence the court granted defendant's motion to require the State to proceed on only one of the three marijuana offenses. The State elected to proceed on the trafficking charge and the court dismissed the manufacturing and possession of marijuana charges. The jury was unable to reach a unanimous verdict, and a mistrial was declared on 27 June 1984. This appeal stems from defendant's second trial which began on 27 August 1984. At the second trial the State introduced evidence which tends to establish the following:

On 4 October 1983 a State Bureau of Investigation (SBI) airplane flew over northwestern Alexander County as part of a marijuana eradication program. The pilot spotted three fields of marijuana and directed ground units to those fields. The main entrance road was barred with a locked chain, but officers were able to reach the fields from a logging trail that ran past two outbuildings owned by Mr. Watts and led to the rear of his residence.

When Mr. Watts was informed that marijuana had been seen growing on his property he orally gave permission to the officers to search the fields. Officers found a tractor loaded with recently harvested marijuana near one of the fields. A pile of recently burned marijuana stalks was found behind one of the outbuildings. Mr. Watts also signed a consent to search form allowing the officers to search the outbuildings. One of these buildings had to be unlocked with a key obtained from Mr. Watts. One of the buildings contained drying racks, electric fans, shears, and other items used to process and package marijuana, as well as a large quantity of dried marijuana packed in burlap bags. The total weight of the marijuana found on the property was in excess of 5,000 pounds. The other building contained various chemicals used in the manufacture of methaqualone, a Schedule One controlled substance. Mr. Watts was arrested for the various violations of the controlled substances act noted above.

Defendant introduced his own evidence which tends to show that he had leased the two outbuildings and had no knowledge of their contents. He also claimed to have no knowledge of the three fields of marijuana and said he had never seen the tractor before. Defendant was convicted of trafficking in marijuana and posses-

sion with the intent to manufacture methaqualone. From a judgment imposing the presumptive sentences of 14 and 3 years, respectively, and requiring defendant to pay fines totaling $320,000, defendant appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Catherine McLamb, for the State.*

*Jason R. Parker for defendant, appellant.*

HEDRICK, Chief Judge.

[1] Defendant first assigns error to the court reporter's failure to record the opening and closing arguments of counsel. Recordation of trial proceedings is governed by G.S. 15A-1241 which provides in relevant part that "[t]he motion for recordation of jury arguments must be made before the commencement of any argument. . . ." In the present case defendant made a pre-trial motion "for complete recordation of all proceedings." This motion was allowed in an order entered 25 January 1984. The court reporter did not record the jury arguments and defendant now contends this is prejudicial error.

Assuming *arguendo* that the trial court erred in not having the jury arguments recorded, we do not perceive any possible prejudice to defendant in this regard. G.S. 15A-1443 places upon the defendant the burden of showing that "there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial. . . ." Defendant has not met this burden. The only assignment of error relating to the oral argument properly brought forward by defendant is his contention that 1) it was error for the court reporter to fail to record the arguments since this precluded effective appellate review, and 2) the court erred in allowing the district attorney to comment on defendant's refusal to answer a question on cross examination relating to his arrest for possession of marijuana in February 1984. The jury had witnessed the district attorney question defendant about this matter and had heard defendant invoke the fifth amendment privilege against self incrimination. Further, even assuming that the district attorney's remarks constituted a violation of Rule 608 of the North Carolina Rules of Evidence, we are not convinced that, had the district attorney not made this comment, there would have been "a reason-

able possibility that . . . a different result would have been reached at the trial." This assignment of error is without merit.

[2] Defendant also assigns error to a ruling by the court which required defendant to place into evidence certain photographs in order to use them for illustrative purposes during cross examination of a witness for the State. Defendant claims that this ruling was prejudicial "since he lost the right to opening and closing argument by being required to introduce those photographs into evidence. . . ." This contention is without merit. Even if the photographs had not been introduced into evidence, defendant would not have had the right to opening and closing argument before the jury. Rule 10 of the General Rules of Practice for the Superior and District Courts gives defendant this right only when he introduces no evidence. In the present case defendant introduced his own evidence, including the testimony of three witnesses. It was this eveidence which cost defendant the opening and closing arguments. This assignment of error is without merit.

[3] Defendant also assigns error to the court's "allowing the district attorney to bring to the attention of the jury the fact that the defendant had been arrested and charged with possession of marijuana on another occasion. . . ." Counsel apparently had an agreement based upon defendant's motion in limine that the district attorney would not raise or discuss this arrest which occurred some four months after the offenses for which defendant was being tried. This arrangement was respected by the district attorney. The subsequent offense was not raised during the State's evidence. But when defendant took the stand to testify in his own behalf he testified that "[t]raffic ticket, that's the only thing I've ever been convicted of. The only thing I've ever been charged with except this." This latter remark was a manifest untruth. By falsely stating his arrest record, defendant opened the door and relieved the State of any obligation not to pursue this matter. The record reveals that the judge admonished the district attorney to limit his cross examination in this matter to questions necessary "to straighten out the record. . . ." As the record shows that the district attorney's questioning on this matter was within the permissible limits, this assignment of error is without merit.

[4] Defendant also assigns error to the court's refusal to grant his motion for mistrial "due to the prosecutor's misconduct while

cross-examining the defendant concerning his second arrest." Defendant's motion for mistrial was made when the district attorney asked defendant "Mr. Watts, do you own any weapon?" The trial judge had earlier told the district attorney not to question defendant concerning his ownership of a weapon on the date of his second arrest. Defendant's objection to this question was properly sustained, and the court instructed the jury to disregard the question. Defendant contends, however, that the mere asking of this question so prejudiced defendant that a mistrial should have been declared. We disagree. Our Supreme Court has held that "[a] motion for mistrial in a case less than capital is addressed to the trial judge's sound discretion and his ruling thereon is not reviewable without a showing of gross abuse." *State v. Yancey,* 291 N.C. 656, 664, 231 S.E. 2d 637, 642 (1977). Defendant has failed to show any abuse of discretion by the trial judge. This assignment of error is without merit.

[5] Defendant's Assignments of Error Nos. 2-8, 10-11, and 13-18, based on Exceptions Nos. 2-6, 23-24, 29-30, 32-33, 40-71, 73-79, and 83-84, all relate to the admission and exclusion of evidence. Based on Exceptions Nos. 2, 4, 29, 30, 71, 83, and 84 defendant contends that the trial court erred in refusing to allow defendant to elicit, during cross examination of several of the State's witnesses, exculpatory statements allegedly made by defendant to those witnesses. We see no prejudice in the rulings of the court inasmuch as the matters sought to be introduced were in fact admitted into evidence during defendant's own testimony. This assignment of error is without merit.

[6] Based on Exception No. 5 defendant contends that it was prejudicial error for the court to allow the introduction of the signed consent to search form. While the effect of this evidence may have been prejudicial to defendant, we are unable to say that the court committed error. It is an established principle that a valid assignment of error must show both prejudice and error. *State v. Milby and State v. Boyd,* 302 N.C. 137, 273 S.E. 2d 716 (1981). For example, eyewitness testimony that a defendant had committed an armed robbery would be prejudicial to the defendant, but it would not be error for a court to admit it. In the present case the consent to search form had probative value because it tended to show defendant exercised control over the buildings

in question. As such its admission was not error. This assignment of error is without merit.

[7] Based on Exceptions Nos. 6, 23-24, 32, and 40-45, defendant assigns error to the testimony of two SBI special agents on the grounds that they were allowed to testify as expert witnesses when they were in fact not so qualified. Suffice it to say the record reveals that both agents were properly qualified as experts, and that the court committed no prejudicial error in allowing them to testify as expert witnesses.

[8] Based on Exceptions Nos. 26 and 31 defendant contends that it was error for the court to allow the State to pile 240 pounds of marijuana on the courtroom floor. Defendant claims that this is "analogous to allowing the State to bring in a decaying corpse in a murder trial." Defendant was charged with trafficking in marijuana, and the evidence tends to show that defendant did in fact possess a large quantity of that controlled substance. Therefore, it was proper for the State to bring in a large quantity of marijuana as illustrative evidence of the offense. We do not believe that the presence of 240 pounds of marijuana could possibly have the same effect on a jury as the presence of "a decaying corpse." We are unable to find prejudicial error resulting from this incident.

We have examined each of the remaining assignments of error in detail and conclude that they are equally without merit.

No error.

Judges ARNOLD and COZORT concur.