STATE OF NORTH CAROLINA v. BOBBY RAY RAGLAND

No. 859SC782

(Filed 6 May 1986)

1. Criminal Law §§ 86.1, 162— convictions more than ten years old—necessity for objection

Since evidence of defendant's convictions more than ten years old was not *forbidden* by N.C.G.S. 8C-1, Rule 609, it was incumbent upon defendant to enter a timely objection to such evidence in order to present the question of its admissibility for review on appeal.

2. Criminal Law § 138.34— alcoholism—reduced culpability mitigating factor— finding not required

The trial court was not required to find as a mitigating factor for hit and run personal injury that defendant was suffering from a physical condition, alcoholism, which was insufficient to constitute a defense but significantly reduced his culpability since (1) evidence of defendant's convictions of driving while impaired and of his consumption of alcohol on the day of the crime was insufficient to support a finding that defendant suffers from alcoholism, and (2) although substantial evidence of alcoholism could support a mitigating factor of reduced culpability, it would not compel such a finding.

APPEAL by defendant from *Barnette, Judge*. Judgment entered 14 March 1985 in Superior Court, VANCE County. Heard in the Court of Appeals 6 January 1986.

Defendant was charged, tried and convicted in District Court of driving while impaired. From judgment imposed defendant appealed to Superior Court for trial *de novo*. In Superior Court the district attorney filed an information charging defendant with a related offense arising out of the driving while impaired charge, to wit: hit and run personal injury. Pursuant to N.C.G.S. 15A-642(c) defendant waived "the finding and return" of a bill of indictment and agreed to be tried upon the information accusing him of the felony of hit and run personal injury. The charges were consolidated for trial. Upon his plea of not guilty, the jury returned a verdict of guilty as to both charges. From judgments

sentencing him to imprisonment within the Department of Correction for a term of 5 years on the hit and run personal injury charge and 12 months on the driving while impaired charge (to run consecutively with the 5 year sentence), defendant appealed.

*Attorney General Lacy H. Thornburg, by Associate Attorney General J. Mark Payne, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Gordon Widenhouse, for defendant appellant.*

JOHNSON, Judge.

[1] By his first Assignment of Error, defendant contends the court erred in allowing the State to impeach defendant's credibility by the use of prior convictions more than 10 years old where (a) the State failed to give written notice of its intent to use such evidence and (b) the court's failure to determine that the probative value of such evidence substantially outweighed its prejudicial effect as required by Rule 609, N.C. Rules Evid. Rule 609(a) and (b) reads, in pertinent part:

(a) *General Rule.* For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime punishable by more than 60 days confinement shall be admitted if elicited from him or established by public record during cross-examination or thereafter.

(b) *Time Limit.* Evidence of a conviction under this rule is not admissible if a period of more than 10 years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by the specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than 10 years old as calculated herein is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

Rule 609, N.C. Rules Evid.

On cross-examination defendant was asked about his prior convictions. In addition to a trespass and assault with a deadly weapon conviction, defendant testified to specific traffic convictions in 1968, 1972, 1973, 1980, and 1983. Defendant lodged no objection to any of the questions nor moved to strike any of the answers. It is a well settled principle that, ordinarily, failure to object in apt time to incompetent testimony will be regarded as a waiver of objection and its admission presents no question for review on appeal unless the evidence is forbidden by statute, in the furtherance of public policy. *State v. Blackwell*, 276 N.C. 714, 174 S.E. 2d 534, *cert. denied*, 400 U.S. 946, 27 L.Ed. 2d 252, 91 S.Ct. 253 (1970); *State v. Porter*, 272 N.C. 463, 158 S.E. 2d 615 (1968). *See also* 1 Strong's N.C. Index 3d, *Appeal and Error* sec. 30 (1976) and cases cited therein. We deem that defendant was required to lodge an objection to the evidence in order to present its admission as a question on appeal.

Rule 609 does not render as *forbidden* evidence of a conviction where a period of more than 10 years has elapsed since the date of conviction or from the date of defendant's release from confinement imposed for the conviction, whichever is the later date. To the contrary, the evidence is clearly admissible upon (a) the State giving written notice to the defendant and (b) the court determining that the probative value of the evidence substantially outweighs its prejudicial effect. It seems clear that the legislative intent behind Rule 609 is not to *forbid* the admission of evidence of a prior conviction where a period of more than 10 years has elapsed since the date of conviction or the date of defendant's release from confinement, but rather, as affecting admissibility, to balance the prejudicial effect of the remoteness of the conviction against the probative value of the conviction as evidence.

Since the introduction of evidence of defendant's convictions in 1968, 1972 and 1973 was not *forbidden* by statute, it was incumbent upon defendant to timely object in order to present the question of its admissibility for review on appeal. Defendant's failure to object constitutes a waiver of the right to do so, and its admission is not a proper basis for appeal. *See State v. Gurley*, 283 N.C. 541, 196 S.E. 2d 725 (1973); *State v. Warren*, 236 N.C. 358, 72 S.E. 2d 763 (1952); *State Bar v. Combs*, 44 N.C. App. 447,

261 S.E. 2d 207 (1980); 1 Strong's N.C. Index 3d, *supra*. Defendant's first Assignment of Error is not properly before us.

[2]  By his second and final Assignment of Error defendant contends the court erred in sentencing him on the hit and run personal injury charge to a term in excess of the presumptive sentence of two years. Specifically, defendant contends the court erred for failure to find the statutory mitigating factor that defendant was suffering from a physical condition that was insufficient to constitute a defense, but significantly reduced his culpability. The court must find a particular mitigating factor when the supporting evidence is uncontradicted, substantial and manifestly credible. *State v. Jones*, 309 N.C. 214, 218-19, 306 S.E. 2d 451, 455 (1983). Defendant maintains the record contains uncontradicted and credible evidence to show that defendant suffers from alcoholism. Defendant points to the following evidence in the record in support of the allegation that defendant suffers from alcoholism: defendant was convicted of driving while intoxicated in 1972; defendant was convicted of driving while impaired in 1983; and several witnesses, including defendant himself, testified that defendant either appeared "highly intoxicated" on 10 December 1983, the day the offense occurred, or was known to have consumed alcohol on 10 December 1983.

We note that evidence of prior convictions for driving under the influence could have been properly considered as an aggravating factor in sentencing defendant for hit and run personal injury, impairment not being an element of the offense. *See State v. Mitchell*, 62 N.C. App. 21, 29-30, 302 S.E. 2d 265, 271 (1983). We hold the evidence in the record is insufficient to support a finding that defendant suffers from the disease of alcoholism. Assuming *arguendo* the evidence was sufficient to establish that defendant suffers from alcoholism, the court would not have committed reversible error by failing to find the statutory mitigating factor as maintained by defendant. In *State v. Bynum*, 65 N.C. App. 813, 310 S.E. 2d 388 (1984), the defendant asserted that he was a heroin addict and that this addiction established as a mitigating factor that defendant was suffering from a physical condition that was insufficient to constitute a defense, but significantly reduced his culpability. The court concluded that "[d]rug addiction is not *per se* a statutorily enumerated mitigating factor" and although it "could perhaps be found to mitigate the offense" under the rubric

of the enumerated factor, the evidence did not compel such a finding. *Id.* at 815, 310 S.E. 2d at 390. Applying *Bynum*, we conclude that although substantial evidence of alcoholism could support the above mitigating factor, it does not compel such a finding.

No error.

Chief Judge HEDRICK and Judge PHILLIPS concur.