STATE OF NORTH CAROLINA v. GLENN CARROLL BLANKENSHIP

No. 8725SC905

(Filed 5 April 1988)

1. Criminal Law § 105.1— motion for dismissal—renewal at close of evidence—failure to assign as error or argue in brief

By his introduction of evidence, defendant waived his motion for dismissal at the close of the State's evidence; even though defendant renewed his motion to dismiss at the close of all the evidence, he did not properly raise this issue on appeal where he did not assign as error the court's denial of that motion or argue this issue in his brief.

2. Criminal Law § 86.2— impeachment of defendant—conviction more than ten years old

The State's use of a prior conviction more than ten years old to impeach defendant's testimony was not prohibited by N.C.G.S. § 8C-1, Rule 609(b) where the prior conviction was not used to impeach defendant's character in general but was offered to directly impeach defendant based on an assertion made by him during direct examination.

3. Bills of Discovery § 6— prior conviction—continuing failure to disclose in discovery—use to impeach defendant

The State's failure to comply with its continuing duty under N.C.G.S. § 15A-907 to disclose defendant's 1972 conviction for credit card theft pursuant to his request for discovery of his criminal record did not require the trial court to forbid the State to use such conviction to impeach defendant where the conviction was actually known by defendant and the State's nondisclosure could not have hampered defendant's preparation of his defense, and where defendant's testimony opened the door for the State's inquiry about that conviction and negated any allegation of surprise.

APPEAL by defendant from *Gaines, Judge.* Judgment entered 26 March 1987 in Superior Court, CATAWBA County. Heard in the Court of Appeals 9 February 1988.

Defendant was tried 24 March 1987 upon proper bills of indictment charging defendant with two separate counts of sale and

delivery of a controlled substance and one count of possession with intent to sell and deliver a controlled substance. As part of his pre-trial discovery requests, defendant requested a copy of his criminal record. In response the State tendered a copy of his criminal record indicating the copy was "as is now available to the State." The copy tendered omitted that defendant had been convicted of credit card theft in 1972. Though the State subsequently found out about the 1972 conviction, it was never disclosed to the defendant. At trial after the State presented its evidence, defendant testified and detailed his criminal record for the jury without mentioning the 1972 conviction. On cross-examination the State asked defendant about the still undisclosed 1972 conviction. Defendant objected and the trial court overruled. The defendant answered admitting the 1972 prior conviction. The jury found defendant guilty and defendant appeals.

*Attorney General Thornburg, by Assistant Attorney General Floyd M. Lewis, for the State.*

*C. Gary Triggs for defendant-appellant.*

EAGLES, Judge.

Defendant first contends that the trial court erred in failing to dismiss the case at the close of the State's evidence. Next, defendant argues that the trial court violated North Carolina Rule of Evidence 609(b) in allowing the jury to hear, on cross-examination, impeachment evidence of a prior conviction which was more than ten years old. We disagree and find that the defendant received a fair trial free of prejudicial error.

[1] Defendant first argues that the trial court erred in denying his motion to dismiss at the close of the State's evidence. By his introduction of evidence, defendant waived his motion for dismissal at the conclusion of the State's evidence. G.S. 15-173; *State v. Powell,* 74 N.C. App. 584, 328 S.E. 2d 613 (1985). Defendant renewed his motion to dismiss at the close of all the evidence but he did not assign as error the court's denial of that motion nor did he argue this issue in his brief. Defendant did not properly raise the issue and we may not consider it on appeal. *State v. Wortham,* 80 N.C. App. 54, 341 S.E. 2d 76 (1986), *rev'd in part on other ground,* 318 N.C. 669, 351 S.E. 2d 294 (1987). This assignment of error is without merit.

State v. Blankenship

[2] Defendant's next assignment of error concerns the State's use of a prior conviction, more than ten years old, to impeach defendant's testimony. Defendant argues that the State committed prejudicial error when it did not comply with Rule 609(b) of the North Carolina Rules of Evidence. Specifically, defendant argues that there was error because the State did not give defendant advance notice of its intent to use the 1972 credit card theft conviction. On this record, we disagree.

Rule 609(b) of the North Carolina Rules of Evidence states:

Evidence of a conviction under this rule is not admissible if a period of more than 10 years has elapsed since the date of the conviction . . . unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than 10 years old as calculated herein is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

The commentary to Rule 609 states that "[s]ubdivision (b) is identical" to Federal Rule 609(b). Because we have found no North Carolina cases determining this specific issue, we look to the federal cases.

Rule 609 allows defendant's prior convictions to be offered into evidence when the defendant takes the stand and thereby places his credibility at issue. *State v. Fisher*, 318 N.C. 512, 350 S.E. 2d 334 (1986). The rationale is that people who commit certain crimes may not be credible witnesses. *United States v. Johnson*, 542 F. 2d 230 (5th Cir. 1976). Rule 609(b) tempers this broad rule by disallowing the admission of convictions more than ten years old except under "exceptional circumstances." *United States v. Sims*, 588 F. 2d 1145, 1148 (6th Cir. 1978).

In 1974 Congress amended Federal Rule 609(b). The amended rule represented a compromise. Both the House and Senate drafts, however, demonstrated serious concerns as to the probative value of prior convictions more than ten years old. H.R. Rep. No. 93-650, 93rd Cong., 1st Sess., *reprinted in* 1974 U.S. Code

Cong. & Admin. News 7051; *U.S. v. Sims, supra.* The compromise created a rebuttable presumption that prior convictions more than ten years old were more prejudicial to defendant's defense than probative of defendant's general character for credibility and, therefore, should not be admitted into evidence. *Id.*

On the other hand, in those rare instances where the use of the older prior convictions was not more prejudicial than probative, the trial court must make appropriate findings of fact. G.S. 8C-1, Rule 609(b); *State v. Hensley,* 77 N.C. App. 192, 334 S.E. 2d 783 (1985), *disc. rev. denied,* 315 N.C. 393, 338 S.E. 2d 882 (1986). Furthermore, this Court in *State v. Ragland,* 80 N.C. App. 496, 342 S.E. 2d 532 (1986), recognized that the North Carolina rule did not forbid the admission of a prior conviction more than ten years old as a matter of law. Rather, as in the federal rule, the court must weigh the probative value of the conviction against its possible prejudicial effect. *Id.*

Here the State's question to defendant about his 1972 conviction did not seek to impeach his character in general. The State offered the prior conviction evidence to directly impeach defendant based on an assertion made by him during direct examination. Defense counsel first questioned defendant about four minor convictions appearing on his record: two traffic violations; fishing without a valid identification; and possession of an undersized striped bass. Defendant's counsel then asked:

Q: You have had no arrests except for the arrest that you're being tried for since 1980, have you?

A: That's right.

Q: This is the entire record that you have?

A: Yes, sir.

From defendant's testimony the jury might infer that defendant had no previous violations of the law. The net effect would be to make his testimony more credible than that of the State's primary witness who was testifying pursuant to a plea arrangement. Defendant's testimony, however, was demonstrably false.

In *U.S. v. Johnson, supra,* a jury convicted the defendant for violating a federal statute by pointing a pistol at FBI agents. The defendant had been attempting to evade the agents and prevent

their stopping him. More than 10 years earlier this defendant had been convicted of a felony and was thereby prohibited by federal statute from possessing a firearm. The defendant, in trying to explain his actions, testified on direct examination:

> Q: I want [you] to tell the Jury why it would be bad for them [FBI agents] to catch you, sir.
>
> A: Because it's not exactly legal to have a weapon in my possession.
>
> Q: Why you, sir?
>
> A: Anyone, really. I'm not authorized to carry a weapon. I'm not a law enforcement agent. I'm not military personnel.
>
> Q: Is there any other reason, Mr. Johnson?
>
> A: Not that I can think of right now, no.
>
> Q: You are not aware of any other reason that would prevent you, Leonard Johnson, from carrying a gun as opposed to Mr. McPherson or anyone else?
>
> A: I maintain my answer, no.

*Id.* at 234.

On cross-examination the government then elicited information concerning defendant's 1958 felony conviction to impeach his direct testimony about there being no other reason preventing him from possessing a firearm. The government did not give defendant advance notice of its intended use of the 1958 conviction nor did the trial court weigh the possible prejudicial impact of the conviction as against its probative value. The Fifth Circuit Court of Appeals affirmed the trial court and ruled that

> [w]e do not believe Rule 609 was meant to cover this particular species of impeachment use of a prior conviction. Rule 609 was crafted to apply in those cases where the conviction is offered only on the theory that people who do certain bad things are not to be trusted to tell the truth. Here the evidence had a different, surer value in that it directly contradicted the position taken by the witness.

*Id.* at 234-235. Applying the *Johnson* rationale here, we find no error in the admission of defendant's 1972 conviction.

Moreover, our Supreme Court has held that "[w]here one party introduces evidence as to a particular fact or transaction, the other party is entitled to introduce evidence in explanation or rebuttal thereof, *even though such latter evidence would be incompetent or irrelevant had it been offered initially.*" [Emphasis added.] *State v. Albert,* 303 N.C. 173, 177, 277 S.E. 2d 439, 441 (1981). *Accord State v. Watts,* 77 N.C. App. 124, 334 S.E. 2d 400 (1985), *disc. rev. denied,* 315 N.C. 396, 338 S.E. 2d 886 (1986). Defendant's testimony raises an inference favorable to his case concerning his "*entire* record." On cross-examination the State, therefore, may inquire into defendant's record and rebut his statement that defendant had not been convicted of anything other than the crimes mentioned in defendant's testimony. *State v. Brown,* 310 N.C. 563, 313 S.E. 2d 585 (1984).

[3] Defendant also claims that the State failed to comply with its continuing duty to disclose discovery requests pursuant to G.S. 15A-907. Defendant argues that as a result the State should not be permitted the right to impeach defendant with his undivulged 1972 conviction for credit card theft. Our inquiry here is whether "prejudice to the defendant result[s] from either surprise on a material issue or where the non-disclosure hampers the preparation and presentation of the defendant's case." [Citation omitted.] *State v. Ginn,* 59 N.C. App. 363, 373, 296 S.E. 2d 825, 832, *disc. rev. denied and appeal dismissed,* 307 N.C. 271, 299 S.E. 2d 217 (1982).

Here the State failed to disclose a 1972 conviction for credit card theft. This fact was actually known by defendant and the State's non-disclosure could not have hampered defendant's preparation or presentation of his defense. Additionally, defendant's testimony opened the door for the State's inquiry about that conviction thereby negating any allegation of surprise. Though we do not condone the State's failure to comply with its continuing duty to disclose, we find that this violation does not rise to the level necessary to forbid the State's use of the evidence.

No error.

Judges WELLS and GREENE concur.