STATE OF NORTH CAROLINA v. KENNETH DUANE FARRIS

No. 8823SC1025

(Filed 16 May 1989)

**Criminal Law § 86.2 — cross-examination of defendant — convictions over ten years old — absence of findings**

> In a prosecution for first degree sexual offense and taking indecent liberties with a minor, the trial court erred in permitting the prosecutor to cross-examine defendant about convictions more than ten years old for contributing to the delinquency of a minor and assaulting a juvenile where the court made no findings of specific facts and circumstances to support its determination that the probative value of the convictions outweighs the prejudicial effect thereof. N.C.G.S. § 8C-1, Rule 609(b) (1988).

APPEAL by defendant from *Cornelius, C. Preston, Judge*. Judgment entered 31 March 1988 in YADKIN County Superior Court. Heard in the Court of Appeals 22 March 1989.

Defendant was indicted on two counts of first degree sexual offense and one count of taking indecent liberties with a minor. Defendant was tried on these charges at the 28 March 1988 Criminal Session of Yadkin County Superior Court. The State's evidence tended to show that defendant lived with his wife and their two children, a daughter, aged 11, and a son, aged 10. On 15 November 1987, defendant was at home with his son and daughter. Defendant's wife was at work and his son was in the yard. Defendant made his daughter come into his bedroom and take off her clothes. Defendant also took off his clothes. Defendant then touched his daughter's chest and vaginal area and placed his fingers in her vagina. Defendant also made his daughter engage in fellatio with him.

STATE v. FARRIS

[93 N.C. App. 757 (1989)]

The next day at school defendant's daughter told the guidance counselor about the incident with her father. The guidance counselor requested that Mrs. Farris come to the school where she was told about the incident between her husband and her daughter. The daughter discussed the incident with a police officer and members of the Department of Social Services at defendant's home, first in the presence of her mother and then alone with the officer and social workers in a car. While in the car, the daughter told the officer and the social worker what her father had done. A medical doctor testified that she conducted a physical examination of the daughter which showed scarring in the external part of the child's genitalia and scarring in the interior of the vagina. The doctor testified that this interior scarring was consistent with the history of sexual fondling as related by the daughter and the use of fingers to manipulate the area and indicated repeated trauma to the area.

Defendant's evidence at trial tended to show that defendant had had disciplinary problems with his daughter—she would not do what she was told and would not listen to her parents. Defendant testified that he used paddling or a belt as disciplinary measures. Defendant's evidence further showed that on 15 November 1987, defendant's wife left for work between 8:45 and 8:50 a.m. Defendant was expecting a visit from a friend with whom he had planned to go fishing. The friend arrived at defendant's house no more than five minutes after Mrs. Farris left. Defendant testified that at that time his son was in the yard and his daughter was outside hanging out clothes. Defendant was at the back door. Defendant testified on cross-examination to having a drinking problem and to having numerous prior convictions for driving while impaired and driving while his license was revoked or suspended. Defendant further testified to having convictions for assault and battery, leaving the scene of an accident involving personal injury, trespassing, and two 1977 convictions for contributing to the delinquency of a minor and assaulting a juvenile.

At trial defendant was convicted of two counts of first degree sexual offense and one count of taking indecent liberties with a minor. Defendant was sentenced to two life sentences to run concurrently for the first degree sexual offense convictions and a term of ten years for taking indecent liberties with a minor to run consecutively after the life sentences. Defendant appealed from these judgments.

STATE v. FARRIS

[93 N.C. App. 757 (1989)]

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Norma S. Harrell, for the State.*

*Appellate Defender Malcolm Ray Hunter, by Assistant Appellate Defender Teresa A. McHugh, for defendant-appellant.*

WELLS, Judge.

Defendant contends the trial court erred by admitting into evidence defendant's convictions for contributing to the delinquency of a minor and assault on a juvenile which were more than ten years old. Defendant argues that the trial court should have made findings of fact to support its determination that the probative value of the convictions outweighed the prejudicial effect. Defendant further argues that admission of the evidence of the convictions was prejudicial to his case. Rule 609 of the Evidence Code of North Carolina concerns impeachment of a witness by evidence of conviction of a crime. The Rule provides that evidence that a witness has been convicted of a crime which is punishable by more than 60 days' confinement is admissible to attack the credibility of the witness. N.C. Gen. Stat. § 8C-1, Rule 609(a) (1988). The statute further imposes a time limit on such evidence and prescribes a procedure for the trial court to follow when evidence exceeding the time limit is introduced. The statute states in part:

> (b) *Time limit.*—Evidence of a conviction under this rule is not admissible if a period of more than 10 years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

G.S. § 8C-1, Rule 609(b) (1988). In the present case the State attempted to attack the credibility of defendant's testimony by introducing evidence of defendant's convictions of contributing to the delinquency of a minor and assault on a juvenile, each of which was more than ten years old. The following excerpt from the trial transcript is illustrative of the trial court's actions regarding this matter:

> Q. You were convicted of contributing . . . .
>
> MR. ELMORE: . . . OBJECTION. Ask to be heard.

THE COURT: Approach the bench a moment. (The following is conference at the bench between all counsel and the Court):

THE COURT: Is that within the ten years?

MRS. HARDING: No, it isn't.

MR. ELMORE: No, sir.

MRS. HARDING: It's in January, 25th, 1977.

MR. ELMORE: Clearly outside of the scope. . . .

THE COURT: . . . when was the date of the offense here?

MRS. HARDING: Here? November 15th, 1987.

THE COURT: It would be within the ten there.

MR. ALBRIGHT: I'd like to see a certified copy of it.

MRS. HARDING: I have that.

THE COURT: Let's see it.

. . .

THE COURT: Did he give written notice?

MRS. HARDING: Yes, sir.

THE COURT: Let's see the certified copy?

MRS. HARDING: There are going to be two; one is, if allowed, I'll ask about a contributing, and also about a [sic] assault on a juvenile.

THE COURT: Okay, the Court will determine that in the interest of justice, that the probative value of the conviction substantially outweighs the [sic] its prejudicial effect. OVERRULED.

. . .

Q. You have also been convicted, have you not, of contributing to the delinquency of a minor in Pulaski, Virginia in January of 1977?

A. Yes.

Q. And, you have also been convicted in Pulaski, Virginia of assaulting a juvenile, haven't you?

A. Yes, same thing; same case.

Inherent in Rule 609(b) is "a rebuttable presumption that prior convictions more than ten years old [are] more prejudicial to defendant's defense than probative of defendant's general character for credibility and, therefore, should not be admitted into evidence." *State v. Blankenship*, 89 N.C. App. 465, 366 S.E. 2d 509 (1988). "[I]n those rare instances where the use of the older prior convictions [is] not more prejudicial than probative, the trial court must make appropriate findings of fact." *Id.* at 468, 366 S.E. 2d at 511. These findings must concern "specific facts and circumstances which demonstrate the probative value outweighs the prejudicial effect." *State v. Hensley*, 77 N.C. App. 192, 334 S.E. 2d 783, *disc. rev. denied*, 315 N.C. 393, 338 S.E. 2d 882 (1986). The transcript makes it clear that the State laid no foundation for the admission of these prior convictions, thereby failing to provide the trial court a basis for making appropriate Rule 609(b) findings.

In the present case the trial court clearly failed to make appropriate findings of specific facts and circumstances to support its determination that the probative value of the convictions outweighs their prejudicial effect. This failure to make the necessary findings of fact amounted to reversible error. Accordingly, defendant is entitled to a new trial.

As a result of our decision on defendant's first assignment of error, it is unnecessary for us to address defendant's other assignments of error.

New trial.

Chief Judge HEDRICK and Judge EAGLES concur.