STATE OF NORTH CAROLINA v. CLARK EDWARD CHANDLER

No. 909SC385

(Filed 4 December 1990)

**1. Criminal Law § 35 (NCI3d) — trafficking in cocaine — criminal record of vehicle owner — no proof of guilt of another**

In a prosecution for trafficking in cocaine found under the seat of a truck defendant was driving, the criminal rec-

STATE v. CHANDLER

[100 N.C. App. 706 (1990)]

ord of the owner of the truck was not admissible to show that he acted in conformity with his prior conviction by placing the cocaine under the truck seat since such a conclusion would be based on pure conjecture, and the evidence does not point directly to the guilt of another for the crime for which defendant was on trial.

**Am Jur 2d, Drugs, Narcotics, and ·Poisons § 46.**

2. **Criminal Law § 381 (NCI4th) — court's examination of witness — no prejudice to defendant**

The trial court's questioning of a witness did not elicit hearsay testimony and did not prejudice defendant. N.C.G.S. § 8C-1, Rules 614(b), 801(c).

**Am Jur 2d, Trial § 88.**

3. **Criminal Law § 86.2 (NCI3d) — conviction more than ten years old — use to impeach defendant**

The trial court did not violate N.C.G.S. § 8C-1, Rule 609(b) by permitting the State to use a prior conviction more than ten years old to impeach defendant's testimony that his convictions during the last ten years were his only convictions.

**Am Jur 2d, Witnesses § 577.**

**Right to impeach credibility of accused by showing prior conviction as affected by remoteness in time of prior offense. 67 ALR3d 824.**

4. **Criminal Law § 1061 (NCI4th) — sentencing hearing — failure to transcribe — absence of prejudice**

The trial court's failure to order that the sentencing hearing be transcribed did not constitute prejudicial error.

**Am Jur 2d, Criminal Law § 527.**

5. **Narcotics § 4 (NCI3d) — trafficking in cocaine — sufficiency of evidence**

The State's evidence was sufficient to support defendant's conviction of trafficking in cocaine by possession where it tended to show that a plastic bag containing 44.2 grams of powder of which approximately thirty percent was cocaine hydrochloride

was found underneath the seat of the truck defendant was driving.

**Am Jur 2d, Drugs, Narcotics, and Poisons § 47.**

APPEAL by defendant from judgment entered 8 September 1989 by *Judge Howard E. Manning, Jr.* in GRANVILLE County Superior Court. Heard in the Court of Appeals 14 November 1990.

Defendant was charged with trafficking in cocaine by possession in violation of G.S. § 90-95(h)(3) and trafficking in cocaine by transportation in violation of G.S. § 90-95(h)(3)a. After a jury trial, defendant was found guilty as charged. The trial court arrested judgment on the charge of trafficking in cocaine by transporting and sentenced the defendant on the charge of trafficking in cocaine by possession to an active term of twelve years imprisonment and imposed a fine of $50,000. Defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General E. Burke Haywood, for the State.*

*Currin & Currin, by Hugh M. Currin, Jr., for defendant-appellant.*

JOHNSON, Judge.

The State's evidence tended to show the following: While on patrol on 10 February 1989, Butner Public Safety Officer William J. Pendleton received a dispatch to be on the lookout for a brown pickup truck with a camper shell. Shortly thereafter, a pickup truck matching the dispatched description was observed traveling east on C Street. After following the truck for approximately five blocks, the officer pulled the truck over for speeding. After he approached the truck, the officer explained that he had received information that that vehicle was supplying drugs to Piedmont Village. Defendant subsequently gave Officer Pendleton permission to search the truck.

While searching the truck, Officer Pendleton found a plastic bag containing a white powdery substance located behind and partially underneath the seat of the truck. Defendant was thereafter arrested.

During trial, Irvin Allcox, a forensic chemist, testified that the bag in question contained 44.2 grams of white powder, approximately thirty percent of which was cocaine hydrochloride.

[1] On appeal, defendant brings forth five questions for this Court's review. First, defendant contends that the trial court improperly excluded the criminal record of Ernest Kemp, the owner of the truck. We disagree.

G.S. § 8C-1, Rule 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." *See also State v. Cotton*, 318 N.C. 663, 351 S.E.2d 277 (1987). "Evidence that another committed the crime for which the defendant is charged generally is relevant and admissible as long as it does more than create an inference or conjecture in this regard." *Id.* at 667, 351 S.E.2d at 279. "The admissibility of evidence of the guilt of one other than the defendant is governed . . . by the general principle of relevancy." *Id.* at 667, 351 S.E.2d at 280. Such evidence, however, must tend to directly implicate another *and* be inconsistent with the guilt of the accused. *Id.*

In holding that the trial court properly excluded Mr. Kemp's criminal record, we are not inadvertent to *State v. Cotton, supra.* Instead, we simply find the present case to be distinguishable. In *Cotton*, the defendant was convicted of first-degree burglary, first-degree rape and first-degree sexual offense. On appeal, the Supreme Court concluded that the trial court erred by excluding evidence tending to show that the crimes charged and another similar offense were committed by the same person — not the defendant. The defendant was therefore entitled to a new trial. Unquestionably, the evidence excluded in *Cotton* tended to point directly to the guilt of another person.

Here, the excluded evidence and the defendant's contention that Kemp acted in conformity with his prior conviction by placing the cocaine under the seat is based on pure conjecture and does not point directly to the fact that another, namely Ernest Kemp, committed the crime for which the defendant was convicted. Extending the holding in *Cotton* to the instant case would result in the admissibility of evidence based upon an inference. Given the facts at hand and the purpose for which the defendant sought to have Kemp's criminal record admitted, the trial court's decision to exclude the record was proper. This assignment is overruled.

[2] Second, defendant contends that the trial court's questioning of a witness constituted error and the questioning elicited inadmissible prejudicial testimony. Specifically, defendant contends that as a result of the trial court's question, hearsay testimony was improperly admitted.

"The court may interrogate witnesses, whether called by itself or by a party." G.S. § 8C-1, Rule 614(b). The court may also question a witness for the purpose of clarifying a witness' testimony and for promoting a better understanding of it. *State v. Whittington*, 318 N.C. 114, 347 S.E.2d 403 (1986). Such examination must be conducted with care and in a manner which avoids prejudice to either party. *State v. Colson*, 274 N.C. 295, 163 S.E.2d 376 (1968). Having reviewed the complained of testimony, we find that the witness' testimony was neither hearsay nor prejudicial to the defendant. *See also* G.S. § 8C-1, Rule 801(c). This assignment is also overruled.

[3] Third, defendant contends that the trial court disregarded G.S. § 8C-1, Rule 609 by admitting into evidence his prior conviction of misdemeanor possession of marijuana which occurred more than ten years prior to the date of trial. We disagree.

G.S. § 8C-1, Rule 609(b) provides that:

Evidence of a conviction under this rule is not admissible if a period of more than 10 years has elapsed since the date of the conviction . . . unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than 10 years old as calculated herein is not admissible unless the proponent gives the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

"Rule 609 allows the defendant's prior conviction to be offered into evidence when the defendant takes the stand and thereby places his credibility at issue." *State v. Blankenship*, 89 N.C. App. 465, 467, 366 S.E.2d 509, 511 (1988).

Here, the State gave defense counsel written notice of his intent to use the defendant's 1972 conviction pursuant to G.S. § 8C-1, Rule 609(b) and a hearing was thereafter conducted to

provide the defendant with an opportunity to contest the use of such evidence. After hearing arguments of counsel, the trial court ruled that

> the evidence does not have the probative value sufficient to outweigh any possible prejudicial effect under Rule 609B [sic], and I am not going to allow its admission . . . if the door, now—if the door is opened, then we have got a whole new ball game.

From the trial court's ruling, defense counsel was given sufficient notice of the court's intent.

When the defendant took the stand, defense counsel posed questions about his convictions within the last ten years. Defense counsel also asked the defendant whether those convictions (the ones within the last ten years) were the only convictions he had. Defendant replied in the affirmative. Later, the court ruled that such a statement opened the door and allowed the State to go into the 1972 conviction. We find that defendant's testimony creates favorable inferences as to his entire criminal record. Therefore, on cross-examination, the State "may inquire into defendant's record and rebut his statement that [he] had not been convicted of anything other than the crimes mentioned in [his] testimony." *State v. Blankenship, supra* at 470, 366 S.E.2d at 512.

[4] Fourth, defendant contends that the trial court's failure to order a transcript of the sentencing hearing constituted prejudicial error. We have considered the defendant's argument, but find no error. Suffice it to say that in the absence of an abuse of discretion, a judgment will not be disturbed because of either the sentencing procedure or procedural conduct. *State v. Locklear*, 294 N.C. 210, 241 S.E.2d 65 (1978).

[5] Last, defendant contends that the trial court improperly denied his motion to dismiss at the end of all the evidence. We disagree.

In ruling on a motion to dismiss, the trial court must view and consider the evidence in the light most favorable to the State, and the State is entitled to every reasonable inference to be drawn therefrom. *State v. Bates*, 309 N.C. 528, 308 S.E.2d 258 (1983). The State has the burden of establishing, beyond a reasonable doubt, every essential element of the charge of trafficking in cocaine by possession. *Id.* A person is guilty of this offense if (1) he knowingly possesses cocaine or any mixture containing cocaine

(either actual or constructive) and (2) the quantity of cocaine or mixture containing cocaine is 28 grams or more. *State v. Keys,* 87 N.C. App. 349, 361 S.E.2d 286 (1987). *See also* G.S. § 90-95(h)(3).

In the instant case, the State offered uncontroverted evidence that a plastic bag containing 44.2 grams of powder of which approximately thirty percent was cocaine hydrochloride was found underneath the seat of the truck defendant was driving. As previously held by our Supreme Court, possession of narcotics by an accused may be a result of "circumstantial evidence from which an inference of knowledge might reasonably be drawn." *State v. Boone,* 310 N.C. 284, 295, 311 S.E.2d 552, 559 (1984). Based upon the circumstances of defendant's arrest, this contention lacks merit.

Having carefully reviewed the record and the briefs, we conclude defendant received a fair trial, in which there was

No error.

Judges WELLS and COZORT concur.