**STATE v. ELLERBEE**

[218 N.C. App. 596 (2012)]

STATE OF NORTH CAROLINA v. GREGORY ELLERBEE

No. COA11-1055

(Filed 7 February 2012)

**1. Evidence—prior assault—no prejudice—no plain error**

The trial court did not commit plain error in a first-degree burglary and assault inflicting serious bodily injury case by allowing the admission of evidence by the State that defendant had assaulted a witness's father. It was likely that the jury would have reached the same verdict even without the admission of the challenged evidence.

**2. Evidence—prior conviction—impeachment—outside ten-year period—erroneous admission—not prejudicial**

The trial court erred in a first-degree burglary and assault inflicting serious bodily injury case by allowing the State to impeach a witness with his prior conviction that was outside of the ten-year period prescribed by Rule of Evidence 609(b). However, the State presented overwhelming evidence to support defendant's convictions and the jury would not have reached a different verdict had the evidence not been admitted.

Appeal by defendant from judgments entered 8 March 2011 by Judge James G. Bell in Robeson County Superior Court. Heard in the Court of Appeals 11 January 2012.

*Attorney General Roy Cooper, by Assistant Attorney General Charles G. Whitehead, for the State.*

*Winifred H. Dillon, attorney for defendant.*

ELMORE, Judge.

Gregory Ellerbe (defendant) appeals from judgments entered upon jury convictions of 1) first degree burglary and 2) assault inflicting serious bodily injury. After careful consideration, we find no prejudicial error.

On 29 December 2005, George Harrington was asleep inside his residence located on Croom Road in Maxton. He was awakened by the noise of his front door being kicked in. A man then entered his bedroom and began beating and stomping Harrington. The man then yelled that he was going to kill Harrington, because Harrington owed

him money. Harrington recognized the man's voice as that of defendant. Defendant then dragged Harrington out of his bedroom and into the road. Defendant continued to beat and stomp Harrington in the road. Harrington was able to see defendant's face as this occurred.

Around this time, Katie Lane, Harrington's neighbor, heard the commotion outside. She recognized defendant's voice, and she heard him yell "I'm going to kill you." Lane then awoke her granddaughter, Abbie McRae. McRae ran out of the house and into the road towards defendant and Harrington. McRae had known defendant for her entire life. She observed defendant beating Harrington with a black object, slightly larger than his fist. McRae asked defendant why he was beating Harrington, and defendant responded that Harrington owed him money. McRae then witnessed defendant drive away in his car.

As a result of the attack, Harrington suffered many injuries including 1) cracked ribs, 2) a perforated liver, 3) difficulty breathing, 4) permanent damage to his left eye, and 5) an aggravated seizure disorder. He was hospitalized for more than a month.

Defendant was indicted for 1) assault inflicting serious bodily injury and 2) first degree burglary. On 28 February 2011, the case came on for trial by jury. At trial, during direct examination of McRae, the State read into evidence a prior written statement by McRae stating in part that McRae "stopped hanging out with the defendant when the defendant assaulted and knocked her father, Jeffrey McNair, out, because it was alleged that her father owed the defendant $15 for dope." Defendant did not object to the admission of this testimony. Also at trial, the State sought to impeach defendant's witness, Willie Ellerbee (Willie), with evidence that Willie was convicted of manslaughter on 18 March 1986, and that he was released from this conviction on 12 January 1991. Defendant objected to this conviction being used against his witness, but the trial court allowed the State to impeach Willie with the conviction.

On 4 March 2011, defendant was convicted of 1) assault inflicting serious bodily injury and 2) first degree burglary. The trial court imposed a sentence of 77 to 102 months for the burglary, and a consecutive 19 to 23 months for the assault. Defendant now appeals.

[1] Defendant first argues that the trial court committed plain error in allowing the admission of evidence by the State that defendant assaulted McRae's father. Specifically, defendant argues that this evidence was 1) irrelevant, 2) that it's admission violated Rule 404(b) and 3) that it was unduly prejudicial. We disagree.

"In order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context. It is also necessary for the complaining party to obtain a ruling upon the party's request, objection, or motion." N.C.R. App. P. Art. II, Rule 10 (2011). "[O]ur review of those matters to which defendant did not object at trial is limited to plain error. Plain error is error so fundamental as to amount to a miscarriage of justice or which probably resulted in the jury reaching a different verdict than it otherwise would have reached." *State v. Chapman*, 359 N.C. 328, 349, 611 S.E.2d 794, 812 (2005) (quotations and citation omitted).

At trial, defendant did not object to the admission of McRae's prior statement. Therefore, this Court will conduct a plain error review, and we will analyze whether the jury probably would have reached a different verdict had the evidence not been admitted. After careful review of the record, we determine that the State offered the following evidence: 1) the testimony of Harrington, who stated that he observed defendant's face and recognized his voice during the beating, 2) the testimony of Lane, who stated that she recognized defendant's voice as being the one who was yelling at Harrington in the road, 3) the testimony of McRae, who witnessed defendant beating Harrington, who had a conversation with defendant, and who had known defendant her entire life. Thus, we conclude that the State presented overwhelming evidence to support the verdict. Accordingly, it is likely that the jury would have reached the same verdict even without the admission of McRae's prior statement.

[2] Defendant next argues that the trial court erred in allowing the State to impeach Willie with his prior conviction for manslaughter from 1986. Specifically, defendant argues that evidence of this conviction was not admissible under Rule 609(b), because it was outside of the ten-year period. We agree, but we conclude that defendant was not prejudiced by this error.

"Rule 609(b) is to be used for purposes of impeachment. The use of this rule is necessarily limited by that focus: it is to reveal not the character of the witness, but his credibility." *State v. Ross*, 329 N.C. 108, 119, 405 S.E.2d 158, 165 (1991) (citation omitted). "Evidence of a conviction under this rule is not admissible if a period of more than 10 years has elapsed since the date of the conviction . . . unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances sub-

stantially outweighs its prejudicial effect." *State v. Blankenship*, 89 N.C. App. 465, 467, 366 S.E.2d 509, 510 (1988) (citation omitted). "We interpret this part of Rule 609(b) to mean that the trial court must make findings as to the specific facts and circumstances which demonstrate the probative value outweighs the prejudicial effect." *State v. Hensley*, 77 N.C. App. 192, 195, 334 S.E.2d 783, 785 (1985).

Here, at trial the State sought to impeach Willie with his prior conviction for manslaughter. Willie was convicted of manslaughter on 18 March 1986, and he was released from this conviction on 12 January 1991. Thus, the conviction was outside of the ten-year period prescribed by Rule 609(b). Furthermore, the trial court did not make any findings as to the specific facts and circumstances regarding the probative value of this conviction. Therefore, we conclude that the trial court erred in admitting evidence of this conviction under Rule 609(b). We must next determine whether defendant was prejudiced by this error.

"A defendant is prejudiced by [an error] . . . when there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises." N.C. Gen. Stat. § 15A-1443 (2011)

For the reasons previously discussed in this opinion, we conclude that the State presented overwhelming evidence to support defendant's convictions, and we are not persuaded that the jury would have reached a different verdict had evidence of Willie's prior conviction not been admitted. Thus, we conclude that evidence of this prior conviction was admitted in error, but defendant was not prejudiced by this error.

No prejudicial error.

Judges BRYANT and ERVIN concur.