STATE OF NORTH CAROLINA v. JAMES HAL HENSLEY

No. 7525SC895

(Filed 17 March 1976)

Criminal Law § 53— felonious assault — injuries — expert medical testimony — proper foundation

In a prosecution for felonious assault on a nine-month-old child, the State's evidence tending to show that an assault on the child occurred and that defendant was the assailant provided a proper foundation for a neurosurgeon's testimony pertaining to injuries sustained by the child; furthermore, defendant waived his right to contest the admissibility of such testimony by failing to make a timely objection thereto.

APPEAL by defendant from *Jackson, Judge*. Judgment entered 18 June 1975 in Superior Court, BURKE County. Heard in the Court of Appeals 19 February 1976.

Defendant was indicted for assault with a deadly weapon with intent to kill, inflicting serious injury on a child. From a plea of not guilty, the jury returned a verdict of guilty of assault with a deadly weapon inflicting serious injury. From judgment sentencing him to a term of imprisonment, defendant appealed.

The State's evidence tended to show that the defendant, on 27 November 1974 at approximately 10:00 a.m., took nine

months old Angela Lee Church into the bathroom of a house trailer and severely beat the child about the head and body with his bare hands.

The child's mother, Mary Katherine Church, who had been living with defendant in the trailer, recalled that the defendant, while intoxicated, carried the then uninjured and unbruised infant into the bathroom on the day in question. Hearing loud slaps and screams coming from the bathroom for approximately five minutes, Mary Katherine went to the bathroom but could not enter, having been knocked back into the living room by the defendant. When the defendant finally emerged, Mary Katherine immediately went into the bathroom and found the child, scratched about the head and neck and " . . . lying on the floor strip naked, soaking wet, and blue around the mouth. Blood was coming out of her mouth." Defendant, shortly thereafter, took the child from the mother, carried her outside and left the child on the grass. Mary Katherine again retrieved the child and this time ran with the child to a neighbor's house. The mother also noted " . . . bruises on her thigh and all the way up on her back. She was red and had handprints on her legs."

That afternoon, Mary Katherine brought the child to Dr. Lester L. Coleman and stated that "[b]etween the time I took Angela to Dr. Coleman's office at 2 o'clock, and the time that she was there in the trailer and I heard her crying, no one was close to her, no one hit her and no one struck her in any way." Moreover, Mary Katherine contended that she herself " . . . never struck my young'un."

On cross-examination, Mary Katherine admitted that she actually never saw the defendant's alleged assault; she only heard it.

Dr. Lester L. Coleman, the initial examining physician, testified that he performed a "routine physical examination" on the child on 27 November 1974 at approximately 2:00 p.m. In addition to finding superficial scratches and a large bruise on the right thigh, the examination also indicated to Dr. Coleman injury to the brain and damaged vision.

Dr. Joe M. McWhorter, a neurosurgeon, also examined the child and elaborated at trial that the child suffered serious injury to the brain, exhibited loss of vision, and specifically sustained " . . . bi-lateral subdural hematoma, or bi-lateral . . .

blood clots on both sides of the brain." Dr. McWhorter, when asked how such an injury could have occurred, testified that " . . . the hematoma . . . could or might have been caused by a blow from a hand. . . . The hematoma could [,however,] have been caused by a fall from a chair; by some other type of instrument like a hair brush; it could have been caused if some drunk had shaken the child hard; it could have been caused by someone shaking the child in displeasure; it could have been caused if the mother had fallen while running and the child's head hit the ground. . . . [I]f the child's head was shaken vigorously enough while being carried by a person running, hematoma could have occurred."

Defendant presented no evidence, but moved for nonsuit, which motion was denied.

Other facts necessary for decision are cited below.

*Attorney General Edmisten, by Associate Attorney J. Michael Carpenter, for the State.*

*John H. McMurray and Robert E. Hodges for defendant appellant.*

MORRIS, Judge.

Defendant contends that the trial court erred in overruling his motion to strike Dr. McWhorter's testimony pertaining to the injuries sustained by Angela Lee Church because the State " . . . did not offer any evidence that defendant assaulted the said Angela Lee Church in any manner that did in fact or may have caused such injuries." This contention is without merit.

The child's mother, testifying extensively as to the events of 27 November 1974, stated that prior to the alleged assault by defendant the infant was well, unmarked and unbruised. After hearing loud slaps, crying screams coming from the bathroom where defendant alone was closeted with the child she found her child naked, bruised, scratched and bleeding from about the mouth. There is sufficient evidence that this assault in fact occurred, that defendant was the assailant, and the State therefore provided a proper foundation for the physician's testimony.

Notwithstanding our finding that a proper foundation was laid, defendant has waived his right to contest the admissibility of this evidence for failure to make a timely objection thereto.

No objection appears in the record. As our Supreme Court stated in *State v. Hunt,* 223 N.C. 173, 176, 25 S.E. 2d 598 (1943), " . . . if it be conceded that the testimony offered is incompetent, objection thereto should have been interposed to the question at the time it was asked as well as to the answer when given. An objection to testimony not taken in apt time is waived. . . . Afterward, a motion to strike out the testimony, to which no objection was aptly made, is addressed to the discretion of the trial judge, and his ruling in the exercise of such discretion, unless abuse of that discretion appears, is not subject to review on appeal." See also: *State v. Pope,* 287 N.C. 505, 215 S.E. 2d 139 (1975) ; *State v. Davis* and *State v. Fish,* 284 N.C. 701, 202 S.E. 2d 770 (1974) ; cert. denied 419 U.S. 857. Here no such abuse of discretion appears in the record.

Defendant's remaining assignments of error are addressed to the sufficiency of evidence to withstand the motion for nonsuit and to various aspects of the charge to the jury. The evidence was plenary for submission to the jury and the charge of the court is free of prejudicial error.

No error.

Judges VAUGHN and CLARK concur.