THE NORTH CAROLINA STATE BAR v. WILLIAM T. COMBS, JR.

No. 7910NCSB581

(Filed 8 January 1980)

1. **Appeal and Error § 30— absence of objections to admission or exclusion of evidence—alleged errors not assignable on appeal**

    Where no objections were made at an attorney's disciplinary hearing, alleged errors in the admission or exclusion of evidence at the hearing are not assignable as error on appeal unless the evidence sought to be excluded is forbidden by statute.

2. **Attorneys at Law § 12— disbarment—failure to advise of encumbrances on lands conveyed**

    A complaint was sufficient to support disbarment of defendant attorney for dishonesty, fraud, deceit or misrepresentation that adversely reflects on his fitness to practice law in violation of DR 1-102(A)(4) and (6) of the Code of Professional Responsibility where it alleged that defendant contracted to sell certain lands and failed to advise the purchasers that the lands were subject to liens and encumbrances; defendant thereafter conveyed the property in question to his son; defendant later delivered to the purchasers a warranty deed from his son for the lands in question; and defendant had knowledge that the lands were subject to liens and encumbrances totaling over $448,600.

APPEAL by the defendant from an Order of the Disciplinary Hearing Commission of the North Carolina State Bar entered 19 January 1979. Heard in the Court of Appeals 26 November 1979.

An unverified complaint was filed by the North Carolina State Bar against William T. Combs, Jr., a practicing attorney, on 25 September 1978 alleging conduct involving dishonesty, fraud, deceit or misrepresentation that adversely reflects upon his fitness to practice law. Combs allegedly violated Disciplinary Rule 1-102(A)(4) and (6) of the Code of Professional Responsibility which reads as follows:

A lawyer shall not:

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

(6) Engage in any other professional conduct that adversely reflects on his fitness to practice law.

Summons in the cause, along with a copy of summons and complaint, was served on the defendant on 2 October 1978 notifying him that every allegation would be taken as true if no answer should be filed within 20 days from the date of service. The defendant failed to file an answer or otherwise plead. On 13 October 1978, a Hearing Committee was appointed to hear the matter, and the time and place of the hearing were set out. The case was continued until 5 January 1979, after proper notice, at which time neither the defendant nor his counsel appeared. Plaintiff's witnesses were present, however, and the Hearing Committee took evidence concerning the alleged misconduct of the defendant.

As a result, the Hearing Committee made Findings of Fact and Conclusions of Law and ordered that defendant be suspended from the practice of law for three years.

The FINDINGS OF FACT AND CONCLUSIONS OF LAW of the Hearing Committee (filed 23 January 1979) are as follows:

This cause coming on to be heard and being heard before the undersigned hearing committee of the Disciplinary Hearing Commission of The North Carolina State Bar at a regularly scheduled hearing held on January 5, 1979, in the office of The North Carolina State Bar, 107 Fayetteville Street Mall, Raleigh, North Carolina, and said hearing committee having heard the evidence and arguments and contentions of counsel, make the following findings of fact:

1. The plaintiff, The North Carolina State Bar, is a body duly organized under the laws of North Carolina, and is the proper party to bring this proceeding under the authority granted it in Chapter 84 of the General Statutes of North Carolina.

2. The defendant, William T. Combs, Jr., is a citizen and resident of Rockingham County, North Carolina and was admitted to The North Carolina State Bar in 1951 and is, and was at all times relevant to this proceeding, an attorney at law licensed to practice law in the State of North Carolina and was and is subject to the Rules, Regulations, Canons of Ethics and Code of Professional Responsibility of The North Carolina State Bar and the laws of the State of North Carolina.

3. J. W. Gilbert, father of Janice G. Shreve, paid $4,500.00 in July, 1976 and $10,500.00 in September, 1976, to William T. Combs, Jr., for the purchase of six acres of real property. On October 21, 1976, William T. Combs, Jr. conveyed 36 acres, including the six acres previously purchased by J. W. Gilbert for Janice G. Shreve, to his son, Anthony R. Combs. In January, 1977, William T. Combs, Jr. delivered to Janice G. Shreve a warranty deed from Anthony R. Combs to Janice G. Shreve for the six acres previously purchased.

4. All negotiations for the sale of the property had been between Janice G. Shreve, Tony W. Shreve and William T. Combs, Jr., who had represented in June, 1976, to the Shreves that the property was free and clear of encumbrances. All negotiations for the sale of the property were handled as if William T. Combs, Jr., were the owner of the property, and only upon receipt of the deed in January, 1977, did the Shreves determine that Anthony Combs had any interest in the property. At no time during the negotiations for the sale of the property did William T. Combs, Jr. inform the Shreves of any encumbrances against the property.

5. William T. Combs, Jr. had previously served as attorney for the Gilbert family and was considered by the Shreves to also be their attorney and the parties relied on William T. Combs, Jr.'s statements to their financial detriment that he would provide good title to the property for them.

6. Construction on a residence for the Shreves on the six acres was interrupted in March, 1977, when Janice G. Shreve determined that the property was encumbered.

7. During the summer of 1977, the extent of the encumbrances was discovered when Janice G. Shreve retained an attorney to examine the title of the property. It was determined that the six acres were subject to a Deed of Trust executed by William T. Combs, Jr. to North Carolina National Bank in the face amount of $250,000.00, a Deed of Trust executed by William T. Combs, Jr. to Southern National Bank in the face amount of $48,669.12, and a United States Internal Revenue Service lien in the face amount of $73,821.79, all of which were duly recorded prior to June, 1976.

8. The Shreves have been unable to continue construction on their home because a loan is not available from any lending institution while the property purchased from William T. Combs, Jr. is encumbered. Having been made aware of this situation by the Shreves and their attorney, William T. Combs, Jr. has failed to provide title to the property free and clear of all encumbrances.

9. William T. Combs, Jr. has not made any refund of the money paid him by J. W. Gilbert and has displayed by his actions and attitude toward the parties a complete disregard for the attorney-client relationship and has taken advantage of that relationship for his own financial gain at the expense of his clients, the Shreves.

10. William T. Combs, Jr. has failed to appear at the hearing and has failed to file Answer in this matter or to offer any evidence in his behalf.

Based upon the foregoing findings of fact, the Hearing Committee hereby makes the following CONCLUSIONS OF LAW:

1. The defendant, a duly licensed attorney in the State of North Carolina subject to the Code of Professional Responsibility and of the laws of the State of North Carolina made false representations in negotiating for the sale of property and fraudulently prepared and delivered a warranty deed for the property when he knew the property was not free and clear of all encumbrances, and that such acts involved professional conduct prejudicial to the administration of justice and professional conduct that adversely reflects upon his fitness to practice law, all in violation of Disciplinary Rules 1-102(A)(4) and (6) of the Code of Professional Responsibility of The North Carolina State Bar.

Based upon the foregoing Findings of Fact and Conclusions of Law and pursuant to Section 9 of Article IX, Discipline and Disbarment of Attorneys, the Hearing Committee, on the same date, issued its order decreeing:

. . . that the defendant, William T. Combs, Jr., be suspended from the practice of law in the State of North Carolina for a period of three years.

On 5 Feburary 1979, the defendant made objections to the Findings of Fact and Conclusions of Law and gave notice of appeal. As a part of the record on appeal, the appellant and appellee entered into the following stipulation:

> It is stipulated by and between counsel for the respective parties that the Complaint in this cause was filed on the 25th day of September, 1978, and that Summons and Notice was issued on the 25th day of September, 1978, and served on the defendant, William T. Combs, Jr., on the 2nd day of October, 1978, and that Summons was filed with B. E. James, Secretary of the North Carolina State Bar on the 9th day of October, 1978.

> It is further stipulated that hearing was held in this cause before Mr. Colon Byrd, Mr. Max [sic] Boxley and Mr. Warren C. Stack, who was acting as chairman. It is further stipulated and agreed by and between counsel for the parties that the hearing commenced at 10:05 a.m. on the 5th day of January, 1979.

> It is further stipulated that the defendant filed no answer to the unverified Complaint filed as aforesaid. It is further stipulated and agreed by and between counsel for the parties that the State Bar, through its attorney, C. Christopher Bean, moved for entry of default judgment and that the motion was granted.

> It is further stipulated and agreed that although the motion for default was entered and granted, the three members of the Committee hearing this cause heard evidence from the complainants, Janice Gilbert Shreve and Tony Shreve and J. W. Gilbert.

*McElwee, Hall, McElwee & Cannon, by John E. Hall, for defendant appellant.*

*H. D. Coley, Jr., for plaintiff appellee.*

HILL, Judge.

The defendant attempts to bring forward nine questions for review on appeal.

Rule 10(b)(1) of the Rules of Appellate Procedure provides that:

> Any exception which was properly preserved for review by action of counsel during the course of proceedings in the trial tribunal by objection noted or which by rule or law was deemed preserved or taken without any such action, may be set out in the record on appeal and made the basis of an assignment of error.

Absent proper preservation of exceptions, the only questions which may be presented for review in this case are whether the judgment is supported by the findings of fact and conclusions of law and whether the court had subject matter jurisdiction. Rule 10(a), North Carolina Rules of Appellate Procedure.

Ordinarily, any objection to the admission of evidence must be made at the time such evidence is introduced. 1 Strong's N.C. Index 3d, Appeal and Error § 30.1, p. 259. Any objection not taken at the time a question is asked and the answer given is waived, and failure to raise timely objection to such testimony will result in a waiver of the right to contest its admissibility. *State v. Hensley,* 29 N.C. App. 8, 222 S.E. 2d 716 (1976), *cert. denied,* 290 N.C. 95, 225 S.E. 2d 325 (1976); *State v. Hunt,* 223 N.C. 173, 25 S.E. 2d 598 (1943).

[1] The defendant failed to appear at the disciplinary hearing either in person or by counsel, although timely notice was given. Since no objections were made at the hearing below, alleged errors in admission or exclusion of evidence are not assignable as error on appeal unless the evidence sought to be excluded is forbidden by statute. *Eaton v. Klopman Mills, Inc.,* 2 N.C. App. 363, 163 S.E. 2d 17 (1968); *State v. McKethan,* 269 N.C. 81, 88, 152 S.E. 2d 341 (1967). Admittedly, there may be rare instances when the appellate court *ex mero motu* may review a case on its merits, overlooking procedural defects. This case does not come within any of the exceptions.

[2] Appellant Combs contends the judgment of disbarment entered by the Disciplinary Hearing Committee should be reversed, in any event, contending that "the complaint filed in this cause fails to state a claim upon which relief may be granted when the complaint attempts to allege a cause for fraud and

deceit when there are no allegations as to specific acts of alleged fraud and/or deceit"; and that, therefore, it was error to enter the judgment upon a complaint which fails to state a cause of action. Appellant was tried for *misconduct* as defined by Disciplinary Rule 1-102 of the Code of Professional Responsibility.

The complaint filed against the defendant appellant states substantially that said defendant negotiated to sell certain lands to Janice G. Shreve, et vir; that at no time during said negotiations did the defendant advise Janice G. Shreve of the liens and encumbrances against the property; that believing the defendant was acting in good faith, Janice G. Shreve paid and delivered to the defendant the sum of $15,000 in June, 1976; that defendant thereafter in October, 1976 delivered a deed including the property offered to Janice G. Shreve to Anthony R. Combs; that on 10 January 1977, Anthony R. Combs delivered to Janice G. Shreve the tract contracted for by Janice G. Shreve with the defendant; that said tract was subject to liens and encumbrances totalling $448,644.32, of which the defendant had knowledge; that such conduct involved dishonesty, fraud, deceit or misrepresentation that adversely reflects on his fitness to practice law in violation of Disciplinary Rule 1-102(A)(4) and (6) of the Code of Professional Responsibility of the N. C. State Bar. Based on these allegations, we hold the complaint stated a claim upon which relief may be granted.

The "broadside" objection presents only questions of whether the facts, as found, support the judgment and whether errors of law appear on the face of the record. *Mayhew Electric Co. v. Carros*, 29 N.C. App. 105, 223 S.E. 2d 536 (1976). Unless the facts are unsupported by any competent evidence, the court is bound by the findings of fact and will review only the trial court's application of the law to those facts. *Hinson v. Jefferson*, 287 N.C. 422, 215 S.E. 2d 102 (1975).

In this case, the parties stipulated that the defendant failed to file answer to the complaint served on him. The record reflects that the defendant did not appear in person or through counsel at the hearing. Under Rule 14(6) of the Rules and Regulations of the North Carolina State Bar, the allegations of the complaint were deemed admitted.

The committee at the time of hearing, in an abundance of precaution, received evidence in support of the complaint, which evidence was uncontroverted at that time and may not be the subject of exception now. We hold that the findings of fact were based on competent evidence and that there were no errors of law. The conclusions entered subsequent to the hearing support the order of suspension.

For the reasons set out above, the decision of the Hearing Committee is

Affirmed.

Chief Judge MORRIS and Judge PARKER concur.