**In re Jesus M. RIVERA–ARVELO,**
**USDC–PR 120010.**

**Misc. No. 93–0016(PG).**

United States District Court,
D. Puerto Rico.

Aug. 5, 1993.

## OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

On March 4, 1993, the Supreme Court of the Commonwealth of Puerto Rico entered a *per curiam* decision indefinitely disbarring respondent, Attorney Jesús M. Rivera–Arvelo from engaging in the practice of law, both as an attorney and as a notary.[1]

On March 10, 1993, the Clerk of Court for this District entered an order to show cause stating that respondent express in writing within thirty days of service any reason(s) why he should not also be disbarred from practicing before this forum. *See* Local Rule 211.2.[2] Mr. Rivera–Arvelo, in response to the Clerk's order, filed a motion wherein he alleges that the Commonwealth's highest tribunal violated his procedural due process rights during his disbarment proceedings. In support of said contention respondent pre-

sented with his motion a myriad of Superior Court pleadings and orders[3], as well as his petition for reconsideration to the Commonwealth Supreme Court regarding his disbarment.

### I.

■■■ An attorney facing disciplinary charges "is entitled to procedural due process, including notice and an opportunity to be heard." *In re Antonio L. Córdova–González*, 996 F.2d 1334, 1336 (1st Cir.1993), (quoting *Rosenthal v. Justices of the Supreme Court*, 910 F.2d 561, 564 (9th Cir. 1990)). Once respondent answered the grievance filed against him, the Commonwealth Supreme Court appointed a special examiner to preside over an evidentiary hearing and to subsequently provide to said court his written factual determinations. *See In re Jesús M. Rivera–Arvelo et al.*, 93 J.T.S. 30, 10459. The examiner's findings, once submitted to the Court, were then reviewed and found not to contain any manifest error of fact when viewed in light of the evidence presented at the hearing. *Id.* at 10462. It is thus evident that respondent was afforded by the Commonwealth Supreme Court the process that was due to him.

### II.

■■■ Although membership in the bar of this federal court derives from that in a state or territorial bar[4], disbarment from a latter type of bar does not automatically result in the same sanction being imposed in this forum. *See Theard v. United States*, 354 U.S.

---

1. In Puerto Rico, only licensed attorneys may act as notaries. *See* 4 L.P.R.A. § 1002.

2. Said Rule states in relevant part:

   **Discipline imposed by other courts.**
   .2(A). When it is shown to the Court that any member of its bar has been suspended or disbarred from practice in any other court of record, or has been guilty of conduct unbecoming a member of the bar of the Court, the member will be subject to suspension or disbarment by the Court. The member shall be afforded an opportunity to show good cause, within such time as the Court shall prescribe, why the member should not be suspended or disbarred. Upon the member's response to the

order to show cause, and after hearing, if requested, or upon expiration of the time prescribed for a response, if no response is made, the Court shall enter an appropriate order.

3. It was during these Superior Court proceedings that Mr. Rivera–Arvelo engaged in the ethical violations which led to his disbarment from the Commonwealth courts.

4. Local Rule 201 states in part: "An attorney is qualified for admission to the Bar of this Court if he/she is currently in good standing as an attorney admitted to practice before the courts of the Commonwealth of Puerto Rico, the highest court of any State of the Union or the District of Columbia ..."

278, 282, 77 S.Ct. 1274, 1276, 1 L.Ed.2d 1342 (1957); *In the Matter of MacNeil*, 266 F.2d 167, 170 (1st Cir.1959). This Court thus must proceed to determine whether the grounds for respondent's Commonwealth court disbarment are also disciplinary grounds under the ethical norms which govern the conduct of attorneys who appear before this District.[5] In conducting this task, this Court shall not question the thorough factual findings adopted by the Commonwealth Supreme Court in rendering its own decision.

The Puerto Rico Supreme Court first found that respondent acquired a property interest in the subject-matter of a lawsuit he handled for a client in violation of Canon 23 of the Puerto Rico Code of Ethics. 93 J.T.S. 30 at 10463.[6]

A.B.A. Model Rule 1.8(j) states:

**A lawyer shall not acquire a proprietary interest in the cause of action or subject matter of litigation the lawyer is conducting for a client ...**

It is evident that respondent's conduct also violates Rule 1.8(j). *Accord, e.g., Eschwig v. State Bar*, 1 Cal.3d 8, 81 Cal.Rptr. 352, 357, 459 P.2d 904, 909 (1969) (disbarment proper where attorney acquired via judicial sale valuable property belonging to his client).

The Commonwealth Supreme Court next found that respondent *knowingly* prompted the execution by a fellow notary of an *inaccurate* real property deed in violation of Canon 35 of the Puerto Rico Code. 93 J.T.S. 30 at 10463–4.

A.B.A. Model Rule 8.4(c) states:

**It is professional misconduct for a lawyer to engage in conduct involving dis-**honesty, fraud, deceit or misrepresentation.

This Court finds Mr. Rivera–Arvelo's conduct regarding the deed to be beyond reproach. *Accord, e.g., North Carolina State Bar v. Combs*, 44 N.C.App. 447, 261 S.E.2d 207, 211 (1980) (fraudulently preparing and delivering warranty deed with knowledge that property was not free and clear of all encumbrances is grounds for attorney discipline).

The Commonwealth Supreme Court further found that respondent repeatedly failed to comply with Superior Court orders and also failed to notify the opposing parties of motions filed by him. Furthermore, he abused the pleading process by filing various frivolous motions before the Superior Court. These actions violated Canons 17, 26 and 35 of the Puerto Rico Code. 93 J.T.S. 30 at 10464.

A.B.A. Model Rules 3.1 and 8.4(d) respectively state:

**A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous.[7]**

**It is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice.**

This Court also finds that Mr. Rivera–Arvelo violated these two Model Rules via his conduct towards both his opposing party and Superior Court. *Accord, e.g., Dixon v. State Bar of California*, 32 Cal.3d 728, 187 Cal. Rptr. 30, 37, 653 P.2d 321, 328 (1982) (willful disobedience of court orders is grounds for attorney discipline).

---

5. Puerto Rico's Canons of Professional Ethics are found in 4 L.P.R.A.App. IX and in 99 P.R.R. 971. These were drafted by the Puerto Rico Bar Association ("Colegio de Abogados") and approved by the Commonwealth Supreme Court in 1970. Ethical conduct before this forum, however, is governed by the Model Rules of Professional Conduct, adopted by the American Bar Association ("ABA") in 1983. Nonetheless, the *raison d'etre* of both the Model Rules and Puerto Rico Canons of Ethics is akin—to preserve the integrity of the legal profession.

6. The Court noted that entry of judgment by the Superior Court in said case had not been notified to the parties, hence the periods for petitioning for reconsideration or for seeking appellate review had not yet expired. The property thus was still possibly subject to further litigation. 93 J.T.S. 30 at 10463.

7. Fed.R.Civ.P. 11 also admonishes such conduct and further permits a court to impose sanctions upon attorneys therefore. Had the Superior Court action been brought before this Court, respondent would in all likelihood been subject to Rule 11 sanctions for his ill-favored conduct.

## III.

This Court concurs with Puerto Rico Supreme Court Justice Francisco Rebollo–López's recent description of the important role attorneys play in Puerto Rico and finds it equally befitting to attorneys practicing before this forum:

> The day on which a person swears his or her oath as a lawyer before the Supreme Court of Puerto Rico, he or she is granted a great privilege: that of being able to practice a profession, and a noble one, which has a rich and outstanding tradition and which plays an important role in our society. However, this privilege requires of each and every lawyer the irrevocable and constant commitment to assuring the proper functioning of our system of justice, and therefore of the country as a whole; . . .

*Ramos–Acevedo v. Superior Court,* 93 J.T.S. 96, 10824 (translation ours). Mr. Rivera–Arvelo's pattern of conduct, described fully in this opinion, clearly runs afoul of the above portrayal of the role attorneys play both in our court system and in our society.[8] Said conduct also clearly violates several of the A.B.A. Model Rules of Professional Conduct, hence makes respondent unworthy of the privilege to practice before this forum.

WHEREFORE, it is hereby **ORDERED** that Attorney Rivera–Arvelo be indefinitely **DISBARRED** from this District Court pursuant to Rule 211.2(A) and 211.4(A) of the Local Rules of this Court. The Clerk of Court shall make note of the same in the attorney roll.

**IT IS SO ORDERED.**

---

**8.** This Court notes that the Commonwealth Supreme Court, when disbarring respondent, noted that on *two* separate prior occasions it had ad- monished him for failing to comport with its Canons of Ethics. 93 J.T.S. 30 at 10465.