IN THE MATTER OF: D.A.S.

No. COA06-1133

(Filed 1 May 2007)

**1. Juveniles— delinquency—denial of motion for continuance—psychological evaluation**

The trial court did not err in a juvenile delinquency and probation violation case by denying appellant juvenile's motion to continue and by failing to consider his psychological history during the dispositional hearing, because: (1) the trial court possessed the discretion to deny the juvenile's motion to continue to obtain cumulative documentation and did not abuse its discretion when it denied his motion to continue in order for the juvenile's counsel to obtain a four-year-old psychological evaluation; and (2) the juvenile's more recent psychological information was included in his Juvenile-Family Data Sheet.

---

**IN RE D.A.S.**

[183 N.C. App. 107 (2007)]

**2. Juveniles— delinquency—Level 3 disposition—commitment to youth development center**

The trial court did not err in a juvenile delinquency and probation violation case by finding appellant juvenile had committed a violent offense and by entering a Level 3 disposition and commitment order placing him in a youth development center, because: (1) the trial court found the juvenile committed a serious Class A-1 misdemeanor and had a high prior delinquency history; (2) the trial court possessed the discretion to enter the delinquency Level 3 under N.C.G.S. § 7B-2508; and (3) the juvenile failed to show the trial court abused its discretion.

**3. Probation and Parole— court asked counselor to state juvenile's probation terms and conditions—clarification**

The trial court did not err in a juvenile delinquency and probation violation case by asking the juvenile court counselor to state the juvenile's probation terms and conditions, because: (1) the trial court's statement that the district attorney should ask the counselor about the juvenile's probation terms and conditions was neither opinion nor hearsay testimony; (2) the court's question clarified the counselor's testimony and provided the court with a better understanding of the counselor's recommended disposition; and (3) the juvenile failed to show how the trial court's question prejudiced him.

**4. Appeal and Error— preservation of issues—failure to cite authority**

Although appellant juvenile contends the trial court erred when it entered its findings of fact in a juvenile delinquency and probation violation case, this assignment of error is dismissed because: (1) the juvenile failed to cite any authority supporting his argument and adopted and incorporated the arguments set out in the previous argument; (2) the juvenile failed to cite any legal authority in any section of his brief to support his argument; and (3) N.C. R. App. P. 28(b)(6) requires the body of the argument shall contain citations of the authorities upon which the appellant relies.

Appeal by juvenile from orders entered 23 February 2006 and 23 March 2006 by Judge Bradley R. Allen in Alamance County District Court. Heard in the Court of Appeals 11 April 2007.

**IN RE D.A.S.**

[183 N.C. App. 107 (2007)]

*Attorney General Roy Cooper, by Assistant Attorney General Rebecca E. Lem, for the State.*

*Jon W. Myers, for juvenile-appellant.*

TYSON, Judge.

D.A.S. ("the juvenile") appeals from adjudication orders and disposition and commitment order entered finding him to be delinquent for assault on a government employee and activating his suspended sentence after a probation violation hearing. We affirm.

## I. Background

On 23 January 2006, the fourteen-year-old juvenile attended a behavioral and emotionally handicapped class with three other students taught by Alamance County Teacher Latoya Turner ("Ms. Turner"). The juvenile became angry after Ms. Turner would not immediately assist him. Ms. Turner was working with other students in the classroom. Ms. Turner told the juvenile to calm down. After the juvenile continued to disrupt the classroom, Ms. Turner told the juvenile to leave the classroom. The juvenile threw his pencil and class work on the floor and stated, "F*** you, f*** the school and f*** you all." Ms. Turner opened the classroom door and held it open with her hand to allow the juvenile to leave. The juvenile walked toward Ms. Turner and kicked the door with sufficient force to sprain Ms. Turner's wrist. The juvenile admitted he intentionally kicked the door.

On 21 February 2006, a juvenile petition was filed against the juvenile for assault on a government employee and a motion for review for a probation violation for his previous 6 October 2005 adjudication of delinquency for simple assault and six months probation.

On 23 February 2006, the trial court adjudicated the juvenile to be delinquent for assault on a government employee and for violating the terms of the conditions of his juvenile probation. On 23 March 2006, the trial court entered a Level 3 disposition and commitment order placing the juvenile in a youth development center for a minimum of six months. The juvenile appeals.

## II. Issues

The juvenile argues the trial court erred when it: (1) denied his motion to continue; (2) entered a Level 3 delinquency; (3) asked the juvenile court counselor to state the juvenile's probation terms and conditions; and (4) entered findings of fact.

### III. Psychological Evaluation

[1] The juvenile argues the trial court erred when it denied his motion to continue. The juvenile also argues the trial court erred when it failed to consider his psychological history during the dispositional hearing. We disagree.

### A. Standard of Review

When reviewing a denial of a motion to continue, this Court must determine whether the trial court abused its discretion. *In re Robinson*, 151 N.C. App. 733, 737, 567 S.E.2d 227, 229 (2002). "An abuse of discretion occurs when the trial court's ruling is so arbitrary that it could not have been the result of a reasoned decision." *Id.* (quotations and citations omitted).

### B. Analysis

Under N.C. Gen. Stat. § 7B-2501(a) (2005), the trial court "may consider written reports or other evidence concerning the needs of the juvenile" at a dispositional hearing. "The court may consider any evidence, including hearsay evidence as defined in G.S. 8C-1, Rule 801, that the court finds to be relevant, reliable, and necessary to determine the needs of the juvenile and the most appropriate disposition." *Id.* "The juvenile and the juvenile's parent, guardian, or custodian shall have an opportunity to present evidence, and they may advise the court concerning the disposition they believe to be in the best interests of the juvenile." N.C. Gen. Stat. § 7B-2501(b) (2005).

Under N.C. Gen. Stat. § 7B-2413 (2005):

The court shall proceed to the dispositional hearing upon receipt of the predisposition report. A risk and needs assessment, containing information regarding the juvenile's social, medical, psychiatric, psychological, and educational history, as well as any factors indicating the probability of the juvenile committing further delinquent acts, shall be conducted for the juvenile and shall be attached to the predisposition report.

The trial court may continue the dispositional hearing to enable the juvenile to gather and present evidence. *In re Vinson*, 298 N.C. 640, 662, 260 S.E.2d 591, 605 (1979). If the juvenile requests a continuance, when determining the best interest of a child, any competent and relevant evidence to a showing of the best interest of that child must be heard and considered by the trial court, subject to the dis-

**IN RE D.A.S.**

[183 N.C. App. 107 (2007)]

cretionary powers of the trial court to exclude cumulative testimony. *In re Shue*, 311 N.C. 586, 597, 319 S.E.2d 567, 574 (1984).

The juvenile's attorney moved to continue the dispositional hearing in order to obtain a psychological evaluation dated 24 May 2002 that was not included in the juvenile's court file. The trial court denied the motion.

The trial court reviewed and determined the juvenile's Juvenile-Family Data Sheet, Risk Assessment, and Needs Assessment. The Juvenile-Family Data Sheet addressed the juvenile's psychological condition on 7 April 2004 and stated the juvenile "has been prescribed Adderall for his mental health issues in the past. He presently is still on that medication and is being followed by Dr. Ward at Children and Youth Services." The trial court did not consider the juvenile's four-year-old 24 May 2002 psychological evaluation which was conducted when he was approximately ten years old.

The trial court possessed the discretion to deny the juvenile's motion to continue to obtain cumulative documentation and did not abuse its discretion when it denied his motion to continue in order for the juvenile's counsel to obtain the four-year-old psychological evaluation. The juvenile's more recent psychological information was included in his Juvenile-Family Data Sheet. We do not address whether a continuance would have been appropriate in the absence of a current psychological evaluation. This assignment of error is overruled.

## IV.  Dispositional Level

[2] The juvenile argues the trial court erred when it found he had committed a violent offense and entered a Level 3 disposition and commitment order placing him in a youth development center. We disagree.

"Once a juvenile is placed in a dispositional level, the statutes provide dispositional alternatives which may be utilized by the trial court." *In re Robinson*, 151 N.C. App. at 737, 567 S.E.2d at 229. "However, in those instances where there is a choice of level, there are no specific guidelines solely directed at resolving that issue." *Id.* "Accordingly, choosing between two appropriate dispositional levels is within the trial court's discretion." *Id.*

N.C. Gen. Stat. § 7B-2506 (2005) lists twenty-four dispositional alternatives for a juvenile delinquent. The trial court may "[c]ommit

the juvenile to the Department for placement in a youth development center in accordance with G.S. 7B-2513 for a period of not less than six months." N.C. Gen. Stat. § 7B-2506(24) (2005).

The juvenile was adjudicated delinquent for assault on a government employee. Assault on a government employee is a Class A1 misdemeanor. N.C. Gen. Stat. § 14-33(c) (2005). "The delinquency history level for a delinquent juvenile is determined by calculating the sum of the points assigned to each of the juvenile's prior adjudications and to the juvenile's probation status, if any, that the court finds to have been proved in accordance with this section." N.C. Gen. Stat. § 7B-2507(a) (2005).

The juvenile correctly recognizes that under N.C. Gen. Stat. § 7B-2508, a Class A-1 misdemeanor is a "serious" offense. *See* N.C. Gen. Stat. § 7B-2508(a)(2) (adjudication of a Class A1 misdemeanor is a "serious" offense). The trial court's statement that "this assaultive behavior was violent" does not reflect that the trial court incorrectly labeled the offense under N.C. Gen. Stat. § 7B-2508. The trial court found the juvenile to be a Level 3 because he committed a "serious" Class A-1 misdemeanor and he had a "high" prior delinquency history. *See* N.C. Gen. Stat. § 7B-2507. The trial court possessed the discretion to enter the delinquency Level 3. N.C. Gen. Stat. § 7B-2508. The juvenile has failed to show that the trial court abused its discretion in entering a Level 3 disposition. This assignment of error is overruled.

## V. The State's Direct Examination

**[3]** The juvenile argues the trial court erred when it asked the juvenile court counselor to state the juvenile's probation terms and conditions. We disagree.

"The court may interrogate witnesses, whether called by itself or by a party." N.C. Gen. Stat. § 8C-1, Rule 614(b) (2005). "The court may also question a witness for the purpose of clarifying a witness'[s].testimony and for promoting a better understanding of it." *State v. Chandler*, 100 N.C. App. 706, 710, 398 S.E.2d 337, 339 (1990). "Such examination must be conducted with care and in a manner which avoids prejudice to either party." *Id.* (witness's testimony was neither hearsay nor prejudicial to the defendant).

Juvenile Court Counselor Chris Stone ("Stone") testified the juvenile was sentenced to six months suspended for simple assault and placed on probation on 6 October 2005. The district attorney asked Stone whether he had a recommendation for the juvenile's disposi-

**IN RE D.A.S.**

[183 N.C. App. 107 (2007)]

tion for his current case. The trial court stated, "[y]ou need to ask him what were the terms of his conditions" for the probation. In response, the district attorney asked Stone about the juvenile's terms and conditions from his probation.

The trial court's statement that the district attorney should ask Stone about the juvenile's probation terms and conditions was neither opinion nor hearsay testimony. The court's question clarified Stone's testimony and provided the court with a better understanding of Stone's recommended disposition. The juvenile has failed to show how the trial court's question prejudiced him. This assignment of error is overruled.

## VI. Findings of Fact

**[4]** The juvenile argues the trial court erred when it entered its findings of fact. We dismiss this assignment of error.

The juvenile has failed to cite any authority supporting his argument and "adopt[ed] and incorporate[d] the arguments set out in" the previous argument. The juvenile failed to cite any legal authority in any section of his brief to support his argument that the trial court erred when it entered its findings of fact.

"The body of the argument . . . shall contain citations of the authorities upon which the appellant relies." N.C.R. App. P. 28(b)(6) (2007); see Animal Legal Def. Fund v. Woodley, 181 N.C. App. 594, 597, 640 S.E.2d 777, 779 (2007) ("[W]e will not review [appellants]'s unargued assignments of error."). This assignment of error is abandoned and dismissed.

## VII. Conclusion

The trial court did not abuse its discretion when it denied the juvenile's motion to continue for his counsel to obtain the four-year-old cumulative psychological report. Documentation supporting the juvenile's more recent psychological condition was before the trial court during the delinquency hearing.

The trial court did not abuse its discretion when it adjudicated the juvenile to be a Level 3 delinquent and placed him in a youth development center.

The trial court did not prejudice the juvenile when it asked the district attorney to clarify Stone's testimony regarding his recommendation for the juvenile's Level 3 delinquency.

**IN RE N.B., N.B., J.B., N.B., & J.B.**

[183 N.C. App. 114 (2007)]

The juvenile has failed to cite any authority or argue his assignment of error regarding the trial court's findings of fact.

The juvenile received a fair hearing, free from prejudicial errors he preserved, assigned, and argued.

Affirmed.

Judges HUNTER and JACKSON concur.