685 S.E.2d 11 (2009)
In the Matter of J.L., Juvenile.
No. COA08-1306.
Court of Appeals of North Carolina.
September 1, 2009.
*12 Attorney General Roy Cooper, by Assistant Attorney General Jane L. Oliver, for the State.
Richard E. Jester, Louisburg, for Juvenile-Appellant.
BEASLEY, Judge.
J.L. (Juvenile) appeals the order of Mecklenburg County District Court which adjudicated him delinquent of first-degree burglary and robbery with a dangerous weapon. For the reasons stated below, we reverse and remand.
On 12 December 2007, a petition was filed alleging that Juvenile committed first-degree burglary under N.C. Gen.Stat. § 14-51 on 11 December 2007. On 14 January 2008, additional petitions were filed alleging that Juvenile committed robbery with a dangerous weapon, second-degree kidnapping, failure to stop for an emergency vehicle, speeding to elude arrest, operating a motor vehicle without a license, and reckless driving on the same date of 11 December 2007.
At the adjudicatory hearing on 25 February 2008, Juvenile admitted to the allegations of first-degree burglary and robbery with a dangerous weapon.
The trial court made findings of fact consistent with the State's summary of facts. The trial court adjudicated Juvenile as delinquent on the charges of first-degree burglary and robbery with a dangerous weapon on 25 February 2008.
Following adjudication, Juvenile's counsel made a motion to continue the disposition hearing to allow him to review Juvenile's predisposition report. Juvenile's counsel argued that the Department of Juvenile Justice and Delinquency Prevention had not distributed the predisposition report within the required time period. The trial court denied Juvenile's motion to continue and scheduled the disposition hearing on 3 March 2008.
On 28 February 2008, Juvenile's counsel served subpoenas on the Guardian ad Litem (GAL) for Juvenile, requesting Juvenile's records "including but not limited to court reports and volunteer notes." On 29 February 2008, the GAL filed a motion to quash on the grounds that the subpoena failed "to allow reasonable time for compliance." The GAL also stated that:
[g]iven the short period of time that the GAL had the case, the fact that the case was not assigned to a volunteer, and the fact that any critical information about the case would be included in reports filed with the Court, the subpoena is unreasonable and creates an undue burden.
At the 4 March 2008 disposition hearing, representatives from Area Mental Health and Mecklenburg County Department of Social Services (DSS) produced some of Juvenile's records. The trial court reviewed these documents and ruled that the DSS court summary dated November 2006 was admissible. However, the trial court found that the other documents provided by Area Mental Health, which were from 2000 and 2001, were either cumulative or would "create a potential of disclosure of evidence that is not relevant" to the disposition of Juvenile. When the trial court ordered that the irrelevant documents be sealed for appeal, Juvenile's counsel objected to the trial court's *13 ruling which denied complete access to Juvenile's DSS and Area Mental Health's records.
Also during the 4 March 2008 hearing, the trial court granted the GAL's motion to quash, finding that the GAL was not given sufficient time to gather the requested information. The trial court denied Juvenile's motion to continue stating that it did not:
see or hear anything that would create any better understanding that [sic] what I have now or the facts of the situation or seriousness of the offense made to hold the juvenile accountable and importance of protecting public safety, degree of culpability indicated by the circumstances of the particular case or rehabilitative or treatment needs of the juvenile.
The trial court found that Juvenile was a Level 3 for disposition, sending him to "training school without a recommendation for community release for a period of six months or until his 19th birthday." From this order, Juvenile appeals.

REVIEWING JUVENILE'S RECORD
Juvenile argues that the trial court erred when it did not permit his counsel full access to review DSS files or his mental health records. Juvenile argues that his counsel had an absolute right to review his records in order to search for possible mitigating evidence. We agree.
At the Juvenile's hearing on 3 March 2008, Juvenile's counsel informed the trial court that representatives from DSS and Area Mental Health were present with the Juvenile's records. The following was exchanged:
JUVENILE'S COUNSEL: Your Honor, I would prefer that they be delivered to me as they are my client's records. However, if Your Honor feels that it's necessary to review these records in camera before releasing them to me we would not have an objection to that.
....
THE COURT: Okay, I'll accept the records.... We will recess ... while I review these records to see if they have any pertinent information that is relevant.
....
THE COURT: We had [sic] began our dispositional hearing yesterday when the Court was presented subpoenaed documents from YFS andthat is, DSS and Area Mental Health. The Court has reviewed those in chambers yesterday.... Having reviewed those documents, the Court will note that the Area Mental Health documents are from the years 2000 and 2001. And that the court summary that was handed out yesterday of November 27th, 2006 is an appropriate, relevant history of this child's development with [DSS.] The Court finds that the Area Mental Health documents have no relevance in this disposition and that the other documents... are cumulative or irrelevant or would create a potential of disclosure of evidence that is not relevant to this matter.... The other documents are sealed for appeal.
Under N.C. Gen.Stat. § 7B-2901(b) (2007), The Director of the Department of Social Services shall maintain a record of the cases of juveniles ... which shall include family background information; reports of social, medical, psychiatric, or psychological information concerning a juvenile.... The records maintained pursuant to this subsection may be examined only by order of the court except that the guardian ad litem, or juvenile, shall have the right to examine them.
Therefore, N.C. Gen.Stat. § 7B-2901(b) gives Juvenile the right to examine his DSS files and mental health records.
In the present case, the trial court judge deemed which portions of Juvenile's record were irrelevant or cumulative and ordered those portions sealed. The trial court abused its discretion by denying Juvenile the right to examine his records under N.C. Gen. Stat. § 7B-2901(b). Accordingly, we reverse and remand for a new disposition hearing with instructions to the trial court to permit Juvenile access to his records which are maintained by DSS pursuant to N.C. Gen. Stat. § 7B-2901(b).

MOTION TO CONTINUE
Juvenile contends that the trial court erred in denying his motion to continue the *14 disposition in order to allow additional time for his counsel to prepare for the disposition hearing. We agree.
"When reviewing a denial of a motion to continue, this Court must determine whether the trial court abused its discretion." In re D.A.S., 183 N.C.App. 107, 110, 643 S.E.2d 660, 662 (2007). "An abuse of discretion occurs `where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision.'" State v. Fuller, 176 N.C.App. 104, 108, 626 S.E.2d 655, 657-58 (2006) (quoting State v. Hennis, 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988)).
In his 25 February 2008 motion to continue the disposition hearing, Juvenile argued that because his counsel had not had the opportunity to review his predisposition report, Juvenile could not "effectively prepare to offer evidence in rebuttal" at the disposition hearing. The dispositional hearing was scheduled for 3 March 2008. After hearing arguments from both the State and Juvenile, the trial court denied the motion to continue for these reasons:
(1) this Court has reviewed the juvenile's Area Mental Health and Department of Social Services records and has provided to all parties the document which the Court believes to be the only relevant, reliable and necessary document from those records to determine the needs of the juvenile and the most appropriate disposition, according to North Carolina General Statute section 7B-2501 (a), (2) a continuance would not promote the purposes of disposition, in North Carolina General Statute section 7B-2500, (3) issues related to mental health can be requested to be incorporated into the dispositional order at the dispositional hearing and (4) juvenile court requires timeliness.
Based on our holding above, we conclude that the trial court abused its discretion by denying Juvenile's motion to continue. Under N.C. Gen.Stat. § 7B-2501(b) (2007) "[t]he juvenile ... shall have an opportunity to present evidence, that they may advise the court concerning the disposition they believe to be in the best interests of the juvenile." Because Juvenile had a right under N.C. Gen.Stat. § 7B-2901(b) to access additional records, the trial court should have granted Juvenile's motion to continue in order to give him an opportunity to gather evidence for his disposition hearing.
We do not reach Juvenile's remaining arguments because a new disposition hearing is required.
For the foregoing reasons, we
Reverse and Remand.
Judge McGEE and HUNTER, ROBERT C., concur.